FILED
JAMES BONINI
CLERK

10 AUG 20 PM 2: 25

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**CINCINNATI DIVISION**

---

LEXMARK INTERNATIONAL, INC.

    Plaintiff,

       v.

INK TECHNOLOGIES PRINTER SUPPLIES, LLC d/b/a INK
TECHNOLOGIES LLC, NINESTAR IMAGE CO. LTD, a/k/a
NINESTAR TECHNOLOGY CO., LTD., NINESTAR IMAGE
INT'L, LTD., SEINE IMAGE INTERNATIONAL CO. LTD.,
NINESTAR TECHNOLOGY COMPANY, LTD., ZIPRINT
IMAGE CORPORATION, NANO PACIFIC CORPORATION,
IJSS INC., d/b/a TONERZONE.COM INC., and d/b/a INKJET
SUPERSTORE, CHUNG PAL SHIN d/b/a INK MASTER,
NECTRON INTERNATIONAL, INC., QUALITY CARTRIDGES
INC., DIRECT BILLING INTERNATIONAL INCORPORATED.
d/b/a OFFICE SUPPLY OUTFITTERS and d/b/a THE RIBBON
CONNECTION, E-TONER MART, INC., ALPHA IMAGE
TECH, ACM TECHNOLOGIES, INC., VIRTUAL IMAGING
PRODUCTS INC., ACECOM INC. – SAN ANTONIO d/b/a
INKSELL.COM, JAHWA ELECTRONICS CO., LTD.,
HUIZHOU JAHWA ELECTRONICS CO., LTD., COPY
TECHNOLOGIES INC., LASER TONER TECHNOLOGY, INC.,
C & R SERVICES, INCORPORATED, d/b/a C & R
DISTRIBUTORS and d/b/a C & R DISTRIBUTING, PRINT-RITE
HOLDINGS LTD., UNION TECHNOLOGY INT'L (M.C.O.) CO.
LTD., and JOHN DOES 1-20,
    Defendants.

Civil Action No.
10 CV **1:10CV564**

(Jury Trial Demanded)

**J. BARRETT**

---

## COMPLAINT FOR PATENT INFRINGEMENT

      Plaintiff Lexmark International, Inc., for its complaint against Defendants Ink

Technologies Printer Supplies, LLC d/b/a Ink Technologies LLC, Ninestar Image Co. Ltd. (a/k/a

Ninestar Technology Co., Ltd.), Ninestar Image Int'l, Ltd., Seine Image International Co. Ltd.,

Ninestar Technology Company, Ltd., Ziprint Image Corporation, Nano Pacific Corporation, IJSS

Inc., d/b/a TonerZone.com Inc. and d/b/a Inkjet Superstore, Chung Pal Shin d/b/a/ Ink Master,

Nectron International, Inc., Quality Cartridges Inc., Direct Billing International Incorporated d/b/a Office Supply Outfitters and d/b/a The Ribbon Connection, E-Toner Mart, Inc., Alpha Image Tech, ACM Technologies, Inc., Virtual Imaging Products Inc., Acecom Inc. – San Antonio d/b/a Inksell.com, Jahwa Electronics Co., Ltd., Huizhou Jahwa Electronics Co., Ltd., Copy Technologies Inc., Laser Toner Technology, Inc., C & R Services, Incorporated, Print-Rite Holdings Ltd., Union Technology Int'l (M.C.O.) Co. Ltd., and John Does 1-20 (collectively, "Defendants") states as follows:

## NATURE OF CASE

1.  This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*., and particularly 35 U.S.C. §§ 271 and 281.

2.  A parallel complaint for an investigation under Section 337 of the Tariff Act of 1930, 19 U.S.C. § 1337, was filed contemporaneously with the United States International Trade Commission based upon the unlawful importation into the United States, the sale for importation and/or the sale within the United States after importation, of unauthorized, aftermarket toner cartridges, which are complained of herein, for use with Lexmark printers.

## THE PARTIES

### Plaintiff – Lexmark International, Inc.

3.  Plaintiff Lexmark International, Inc. ("Lexmark") is a Delaware corporation with its principal place of business in Lexington, KY.  Lexmark is a leading worldwide developer, manufacturer, and supplier, of *inter alia*, of laser printers and toner cartridges.

4.  Lexmark develops and owns most of the technology for its laser printers and associated supplies.  This differentiates Lexmark from a number of its major competitors.

5. Lexmark's research and development activity for the past several years has focused on, *inter alia*, laser printers and printer supplies. The process of developing new technology products is complex and requires innovative designs that anticipate customer needs and technological trends. Lexmark's research and development expenditures were $375 million in 2009, $423 million in 2008, $401 million in 2007, $371 million in 2006, $336 million in 2005, $312 million in 2004, $266 million in 2003, $247 million in 2002, $246 million in 2001, $217 million in 2000, and $184 million in 1999.

6. Over the years, Lexmark has developed numerous models of monochrome laser printers, including the T520, T610, T620, T630, T640, E120, E220, E230, E232, E234, E238, E240, E250, E320, E322, E321, E323, E330, E332, E340, E342, E350, E352, and E450 series printers. In addition, Lexmark has designed and developed toner cartridges for each of these laser printer models.

7. Lexmark is the assignee and owner of a number of United States patents that cover various aspects of its toner cartridges including, for example, the "Patents-in-Suit," which are set forth below. True and correct copies of the Patents-in-Suit are attached as Exhibits 1 - 21.

| United States Pat. No. | Title | Exhibit |
|---|---|---|
| 5,337,032 ("the '032 Patent") | Reduced Component Toner Cartridge | 1 |
| 5,634,169 ("the '169 Patent") | Multiple Function Encoder Wheel For Cartridges Utilized In An Electrophotographic Output Device | 2 |
| 5,758,231 ("the '231 Patent") | Venting Plug In Toner Cartridge | 3 |
| 5,758,233 ("the '233 Patent") | Toner Cartridge With Locating [Surfaces] On Photoconductor Shaft | 4 |
| 5,768,661 ("the '661 Patent") | Toner Cartridge With External Planar Installation Guides | 5 |
| 5,802,432 ("the '432 Patent'") | Toner Cartridge with Housing and Pin Construction | 6 |

| United States Pat. No. | Title | Exhibit |
|---|---|---|
| 5,875,378 ("the '378 Patent") | Toner Cartridge With Hopper Exit Agitator | 7 |
| 5,995,772 ("the '772 Patent") | Imaging Apparatus Cartridge Including An Encoded Device | 8 |
| 6,009,291 ("the '291 Patent") | Control Of Photosensitive Roller Movement | 9 |
| 6,078,771 ("the '771 Patent") | Low Friction Doctor Blade | 10 |
| 6,397,015 ("the '015 Patent"') | Encoded Device Having Positioned Indicia For Use With A Toner Cartridge | 11 |
| 6,459,876 ("the '876 Patent") | Toner Cartridge | 12 |
| 6,487,383 ("the '383 Patent") | Dynamic End-Seal For Toner Development Unit | 13 |
| 6,496,662 ("the '662 Patent") | Optical Toner Low Sensor | 14 |
| 6,678,489 ("the '489 Patent") | Two Part Cartridges With Force Biasing By Printer | 15 |
| 6,816,692 ("the '692 Patent") | Support Assembly For Roller Including Roller Body And Support Shaft | 16 |
| 6,871,031 ("the '031 Patent") | Coupling Mechanism For A Two Piece Printer Cartridge | 17 |
| 6,879,792 ("the '792 Patent") | Two Part Cartridges With Force Biasing By Printer | 18 |
| 7,139,510 ("the '510 Patent") | Two Part Cartridges With Force Biasing By Printer | 19 |
| 7,233,760 ("the '760 Patent") | Method and Device for Doctor Blade Retention | 20 |
| 7,305,204 ("the '204 Patent") | Two Part Cartridges With Force Biasing By Printer | 21 |

## Defendants Generally

8.    On information and belief, Defendants manufacture, remanufacture, import, offer

to sell, and/or sell unauthorized aftermarket toner cartridges and developer assemblies that are

intended as substitutes for use with one or more of Lexmark's T520, T610, T620, T630, T640,

E120, E220, E230, E232, E234, E238, E240, E250, E320, E322, E321, E323, E330, E332,

E340, E342, E350, E352, and/or E450 laser printer series, including clones as well as

4

remanufactured versions of these cartridges and developer assemblies that originally were first sold outside of the United States  (collectively, "the Accused Cartridges").

9.     On information and belief, a number of Defendants are affiliated and/or related to Ninestar Image Co. Ltd., a company known as or formerly known as Ninestar Technology Co., Ltd., (collectively "Ninestar"), a Chinese manufacturer of Accused Cartridges.  On information and belief, the table below sets forth those Defendants believed to be affiliated or related to Ninestar Image Co. Ltd., a/k/a Ninestar Technology Co., Ltd.:

| NINESTAR RELATED AND AFFILIATED RESPONDENTS ||
| --- | --- |
| Manufacturer | Ninestar Image Co. Ltd. (formerly known as Ninestar Technology Co., Ltd.) (collectively "Ninestar")<br><br>Ninestar Image Int'l, Ltd.<br><br>Seine Image International Co. Ltd. |
| Importer | Ninestar Image Co. Ltd (a/k/a Ninestar Technology Co., Ltd.)<br><br>Ninestar Image Int'l, Ltd.<br><br>Seine Image International Co. Ltd |
| United States Subsidiary/Distribution Center Operator | Ninestar Technology Company, Ltd.<br><br>Nano Pacific Corporation<br><br>Ziprint Image Corporation |
| Retailers | Quality Cartridges Inc.<br><br>Acecom Inc. – San Antonio (d/b/a Inksell.com)<br><br>Ink Technologies Printer Supplies, LLC (d/b/a Ink Technologies LLC)<br><br>Chung Pal Shin (d/b/a Ink Master) |

| NINESTAR RELATED AND AFFILIATED RESPONDENTS | |
|---|---|
| | IJSS Inc. (d/b/a TonerZone.com, Inc. and/or Inkjet Superstore) |
| | Direct Billing International Incorporated (d/b/a Office Supply Outfitters and The Ribbon Connection) |
| | ACM Technologies, Inc. |
| | Nano Pacific Corporation |
| | Ziprint Image Corporation |

10.    On information and belief, a number of the Defendants are affiliated and/or related to Jahwa Electronics Co., Ltd., a South Korean manufacturer of Accused Cartridges.  The table below sets forth those Defendants believed to be affiliated or related to Jahwa Electronics Co, Ltd.:

| JAHWA RELATED AND AFFILIATED RESPONDENTS | |
|---|---|
| **Manufacturer/Importer** | Jahwa Electronics Co., Ltd. |
| | Huizhou Jahwa Electronics Co., Ltd. |
| **Distributors** | Laser Toner Technology, Inc. |
| **Retailers** | Laser Toner Technology, Inc. |
| | Copy Technologies Inc. |
| | C & R Services, Incorporated |

11.    On information and belief, a number of Defendants are affiliated and/or related to Print-Rite Holdings Ltd., a Hong Kong based manufacturer of Accused Cartridges.  On

information and belief, the table below sets forth those Defendants believed to be affiliated or
related to Print-Rite Holdings Ltd.:

| PRINT-RITE RELATED AND AFFILIATED RESPONDENTS | |
|---|---|
| **Manufacturer** | Print-Rite Holdings Ltd. |
| **Importer** | Union Technology Int'l (M.C.O.) Co. Ltd. |
| **United States Subsidiary** | N/A |
| **Distributors** | Nectron International, Inc. |
| **Retailers** | Nectron International, Inc.<br><br>IJSS Inc. (d/b/a TonerZone.com, Inc. and d/b/a Inkjet Superstore) |

12.     On information and belief, a number of the Defendants are importing and/or
selling Accused Cartridges from unknown foreign manufacturing source(s) including, but not
limited to:  Alpha Image Tech, E-Toner Mart, Inc. and Virtual Imaging Products Inc.

**Defendant – Ink Technologies Printer Supplies, LLC d/b/a Ink Technologies LLC**

13.     On information and belief, Defendant Ink Technologies Printer Supplies, LLC
("Ink Tech") is a limited liability company registered under the laws of Ohio with a principal
place of business located at 7600 McEwen Road, Dayton, OH 45459.

14.     On information and belief, Ink Tech conducts business under the name Ink
Technologies, LLC.

15.     On information and belief, Ink Tech operates a website at
http://www.inktechnologies.com, which is accessible from this judicial district.  According to
this website, Ink Tech sells discount Lexmark toner cartridges and is a supplier of printing

products for use in Lexmark printers. (*See, e.g.,* http://www.inktechnologies.com; http://www.inktechnologies.com/HomePage/About).

**Defendant – Ninestar Image Co. Ltd (a/k/a Ninestar Technology Co., Ltd.)**

16.   On information and belief, Defendant Ninestar Image Co., Ltd., is a corporation organized under the laws of China with its principal place of business located at No. 63 Mingzhubei Road, Zhuhai 519075 Guangdong, China.  On information and belief Ninestar Image Co. Ltd. is also known as, or was formerly known as, Ninestar Technology Co., Ltd. (collectively "Ninestar").

17.   On information and belief, Ninestar is affiliated with Defendants, Ninestar Image Int'l Ltd., Seine Image International Co. Ltd., Ninestar Technology Company, Ltd., Ziprint Image Corporation and Nano Pacific Corporation.

18.   On information and belief, Ninestar has a global distribution network and operates websites at http://www.ninestarimage.com and www.ggimage.com, which are accessible from this judicial district.  According to these websites, Ninestar is a global supplier that develops, manufactures and sells a full line of compatible and remanufactured laser printer consumables.  On information and belief, the Accused Cartridges are offered for sale on the http://www.ninestarimage.com website.

**Defendant – Ninestar Image Int'l, Ltd.**

19.   On information and belief, Ninestar Image Int'l, Ltd., ("Ninestar Image Int'l") is a corporation organized under the laws of China with its principal place of business located at No. 63 Mingzhubei Road, Zhuhai 519075 Guangdong, China.  On information and belief, Ninestar Image Int'l also has a place of business at Unit 18, 9/FL, New Commerce Center, 9 on Lai St., ShaTin, NT, Hong Kong.

20. On information and belief, Ninestar Image Int'l is a manufacturer and/or exporter of aftermarket toner cartridges.

21. On information and belief, Ninestar Image Int'l is affiliated with Defendants Ninestar, Seine Image International Co. Ltd., Ninestar Technology Company, Ltd., Ziprint Image Corporation and Nano Pacific Corporation. On information and belief, Ninestar Image Int'l along with Ninestar operates websites at http://ninestarimage.com and www.ggimage.com, which are accessible from this judicial district. On information and belief, the Accused Cartridges are offered for sale on the http://www.ninestarimage.com website.

**Defendant – Seine Image International Co. Ltd.**

22. On information and belief, Defendant Seine Image International Co. Ltd. ("Seine Image") is a corporation organized under the laws of Hong Kong with a principal place of business located at RM 18, 9/F New Commercial Center, 9 on Lai St., Sha Tin, NT, Hong Kong. On information and belief, Seine Image also does business at No. 63 Mingzhubei Road, Zhuhai 519075 Guangdong, China, which is the same address as a Ninestar manufacturing facility.

23. On information and belief, Seine Image is affiliated with Defendants, Ninestar, Ninestar Image Int'l, Ninestar Technology Company, Ltd., Ziprint Image Corporation, and Nano Pacific Corporation.

24. On information and belief, Seine Image is the laser toner division of Ninestar and operates a website at www.seinetec.com, which is accessible in this judicial district.

**Defendant – Ninestar Technology Company, Ltd.**

25. On information and belief, Defendant Ninestar Technology Company, Ltd. ("Ninestar Tech") is a corporation organized under the laws of New Jersey located at 150 Abbott Court, Piscataway, NJ 08854.

26. On information and belief, Ninestar Tech is registered to do business in California and has a place of business at 19859 Harrison Avenue, Walnut, CA 91789, and a further place of business at 17950 East Ajax Circle, City of Industry, CA 91748.

27. On information and belief, Ninestar Tech's New Jersey incorporation status has been suspended but reinstatement procedures are pending.

28. On information and belief, Ninestar Tech is affiliated with Defendants Ninestar, Ninestar Image Int'l, Seine Image, Ziprint Image Corporation, and Nano Pacific Corporation.

29. On information and belief, Ninestar Tech operates a website at http://www.ninestarimage.com, which is accessible in this judicial district. According to this website, Ninestar is a global supplier that develops, manufactures and sells a full line of compatible and remanufactured laser printer consumables. On information and belief, the Accused Cartridges are offered for sale on the http://www.ninestarimage.com website.

**Defendant – Ziprint Image Corporation**

30. On information and belief, Defendant Ziprint Image Corporation ("Ziprint") is a corporation organized under the laws of California with a principal place of business located at 19805 Harrison Avenue, Walnut CA, and a further place of business located at 43 New Brunswick Avenue, New Jersey 08861.

31. On information and belief, Ziprint is affiliated with Defendants Ninestar, Ninestar Image Int'l, Ninestar Tech, Seine Image and Nano Pacific.

32. On information and belief, Ziprint operates a website at http://www.ziprintimage.com, which is accessible in this judicial district. According to the website, Ziprint is one of the two exclusive agents of Seine Image in North America and sells to dealers nationwide.

10

**Defendant – Nano Pacific Corporation**

33.    On information and belief, Defendant Nano Pacific Corporation ("Nano Pacific") is a corporation organized under the laws of California with a principal place of business located at 377 Swift Avenue, South San Francisco, CA 94080.

34.    On information and belief, Nano Pacific is affiliated with Defendants Ninestar, Ninestar Image Int'l, Ninestar Tech, Seine Image and Ziprint Image Corporation.

35.    On information and belief, Nano Pacific operates a website at http://www.nano-pacific.com, which is accessible in this judicial district.  On information and belief, Nano Pacific is one of the two exclusive agents of Seine Image in North America and sells to dealers nationwide.

**Defendant – IJSS Inc., d/b/a TonerZone.com Inc. and d/b/a Inkjet Superstore**

36.    On information and belief, Defendant IJSS Inc., ("IJSS") is a corporation organized under the laws of California.

37.    On information and belief, IJSS has a principal place of business located at 1880 Century Park East, #200, Los Angeles, CA 90067, and a further place of business at 5660 Bandini Blvd., Bell, California 90201.

38.    On information and belief, IJSS is the same as and/or is associated with TonerZone.com Inc., and also uses the trade style name Inkjet Superstore (collectively "TonerZone").

39.    On    information    and    belief,    TonerZone    operates    a    website    at http://www.tonerzone.com, which is accessible in this judicial district.  On information and belief, Accused Cartridges are offered for sale on this website and TonerZone ships cartridges throughout the United States.

**Defendant – Chung Pal Shin (d/b/a Ink Master)**

40.    On information and belief, Defendant Chung Pal Shin (d/b/a Ink Master) ("Ink Master") is a proprietor of Ink Master which is a fictitious business name registered in Los Angeles County under the laws of California with a principal place of business located at 16635 Valley View Cerritos, CA 90703.

41.    On information and belief, Ink Master operates a website at http://www.inkmasterusa.com, which is accessible in this judicial district and Accused Cartridges are offered for sale on this website.

**Defendant – Nectron International, Inc.**

42.    On information and belief, Defendant Nectron International, Inc. ("Nectron") is a corporation organized under the laws of Texas with its principal place of business located at 725 Park Two Drive, Sugar Land, TX 77478.

43.    On information and belief, Nectron operates a website at http://www.nectron.com, which is accessible in this judicial district.  On information and belief, Accused Cartridges are offered for sale on this website.  According to this website, Nectron is an importer and wholesaler of compatible imaging supply products, which it sells worldwide through a network of specialty, qualified dealers and distributors.

**Defendant – Quality Cartridges Inc.**

44.    On information and belief, Defendant Quality Cartridges Inc. ("QCI") is a corporation organized under the laws of New York with a principal place of business located at 162 44th Street, 2nd Floor, Brooklyn, NY 11232, and a further place of business at 1675 48th Street, Brooklyn, NY 11204.

45.    On information and belief, QCI operates a website at http://www.bbofficesupply.com, which is accessible in this judicial district.  On information

and belief, Accused Cartridges are offered for sale on this website, and the company is a major vendor for Fortune 500 companies, government agencies, national corporations and private consumers.

### Defendant – Direct Billing International Incorporated d/b/a Office Supply Outfitters and d/b/a The Ribbon Connection

46. On information and belief, Defendant Direct Billing International Incorporated is a corporation organized under the laws of California with a principal place of business at 5910 Sea Lion Place, Suite 100, Carlsbad, CA 92010, and a further address at P.O. Box 2789, Carlsbad, CA, 92018.

47. On information and belief, Direct Billing International Inc. does business as Office Supply Outfitters and The Ribbon Connection (collectively, "Direct Billing").

48. On information and belief, Direct Billing operates a website at http://www.officesupplyoutfitters.com, which is accessible in this judicial district. On information and belief, Accused Cartridges are offered for sale on this website and. Direct Billing ships to the continental United States from a variety of locations throughout the United States and will expedite orders by shipping from the closest location to the destination address.

### Defendant – E-Toner Mart, Inc. and Alpha Image Tech

49. On information and belief, Defendant E-Toner Mart, Inc. ("E-Toner") and Alpha Image Tech are corporations organized under the laws of California each having their principal place of business located at 1718 Potrero Ave, Suite #A, South El Monte, CA 91733.

50. On information and belief, E-Toner and Alpha Image Tech are associated with one another.

13

51.   On information and belief, E-Toner and Alpha Image Tech operate a website at http://www.etonermartinc.com, which is accessible in this judicial district, and Accused Cartridges are offered for sale on this website.

## Defendant – ACM Technologies, Inc.

52.   On information and belief, Defendant ACM Technologies, Inc. ("ACM Tech") is a corporation organized under the laws of California with a principal place of business located at 2535 Research Drive, Corona, CA 92882.

53.   On information and belief, ACM Tech has offices at 760 Oak Creek Drive Lombard, IL 60148; 8754 Westpark Dr. Houston, TX 77063; 6 Industrial Drive P.O. Box 310 South Hadley, MA 01075; and 470 Timber Laurel Lane, Lawrenceville, GA 30043.

54.   On information and belief, ACM Tech operates a website at http://www.acmtech.com, which is accessible in this judicial district and Accused Cartridges are offered for sale on this website.

## Defendant – Virtual Imaging Products Inc.

55.   On information and belief, respondent Virtual Imaging Products Inc. ("VIP") is a company incorporated under the laws of Canada at 135 Ormont Drive Unit #14/15, North York, Ontario M9L 1N6.

56.   On information and belief, VIP has a branch office doing business at 21550 Oxnard Street Suite 300, Woodland Hills, CA 91367.

57.   On information and belief, VIP operates a website at http://www.virtualimagingproducts.com, which is accessible in this judicial district, and Accused Cartridges are offered for sale on this website.

**Defendant – Acecom Inc. – San Antonio d/b/a Inksell.com**

58.    On information and belief, Defendant Acecom Inc. – San Antonio ("Acecom") is a corporation organized under the laws of Texas with a principal place of business located at 14833 Bulverde Road, San Antonio TX.

59.    On information and belief, Inksell.com is a trade name and/or a division of Acecom.

60.    On information and belief, Acecom operates a website at http://www.inksell.com, which is accessible in this judicial district and Accused Cartridges are offered for sale on this website.

**Defendant – Jahwa Electronics Co., Ltd.**

61.    On information and belief, Defendant Jahwa Electronics Co., Ltd. ("Jahwa") is a corporation organized under the laws of South Korea with its principal place of business located at 7-6 Hyunam-ri Bugi-myeon Chongwon-gun, Chungchongbuk-do, South Korea 363-920.

62.    On information and belief, Jahwa is affiliated with Defendant, Huizhou Jahwa Electronics Co. Ltd.

63.    On information and belief, Jahwa operates a website at http://en.jahwa.co.kr/, which is accessible in this judicial district.

**Defendant – Huizhou Jahwa Electronics Co., Ltd.**

64.    On information and belief, Defendant Huizhou Jahwa Electronics Co., Ltd. ("Huizhou Jahwa") is a corporation organized under the laws of China, having a place of business at No. 10 JiangJun Road, ZhouTian Village, Quichang Town, Huiyang District, Huizhou, Guangdong Province, China.

65.    On information and belief, Huizhou Jahwa is affiliated with Defendant, Jahwa.

66.    On   information   and   belief,   Huizhou   Jahwa   operates   a   website   at
http://en.jahwa.co.kr/, which is accessible in this judicial district.

**Defendant – Copy Technologies Inc.**

67.    On   information   and   belief,   Defendant   Copy   Technologies   Inc.   ("Copy
Technologies" is a corporation organized under the laws of Georgia having a principal place of
business located at 130 James Aldredge Blvd SW, Atlanta, GA 30336.

68.    On information and belief, Copy Technologies is associated with Laser Toner
Technology ("LTT") and C & R Services, Incorporated.

69.    On information and belief, Copy Technologies has a place of business at 2035
Fair Oaks Circle, Corinth, TX 76210.

70.    On   information   and   belief,   Copy   Technologies   operates   a   website   at
http://www.copytechnologies.com, which is accessible in this judicial district.  On information
and belief, Accused Cartridges are offered for sale on this website.

**Defendant – Laser Toner Technology, Inc.**

71.    On information and belief, Defendant Laser Toner Technology, Inc. ("LTT") is a
corporation organized under the laws of Georgia with its principal place of business located at
515 Wharton Circle S.W., Atlanta, GA 30336.

72.    On information and belief, LTT is associated with respondent Copy Technologies
and C & R Services, Incorporated.

**Defendant – C & R Services, Incorporated d/b/a C & R Distributors and d/b/a C & R**
**Distributing**

73.    On information and belief, Defendant C & R Services, Incorporated ("C & R") is
a corporation organized under the laws of Texas with a principal place of business located at
2035 Fair Oaks Circle, Corinth, TX 76210.

74. On information and belief, C & R trades under the names C & R Distributors and/or C & R Distributing.

75. On information and belief, C & R is associated with respondent Copy Technologies & LTT.

### Defendant – Print-Rite Holdings Ltd.

76. On information and belief, Defendant Print-Rite Holdings Ltd. ("Print-Rite") is a corporation organized under the laws of Hong Kong having a principal place of business located at Unit 8, 10F, Block A, MP Industrial Centre, No. 18 Ka Yip Street, Chai Wan, Hong Kong.

77. On information and belief, Print-Rite is the parent company of Print-Rite Image Products Manufacturer of China and Union Technology Int'l (M.C.O.) Co. Ltd. of Macao.

78. On information and belief, Print-Rite operates a website at http://www.print-rite.com, which is accessible in this judicial district.

### Defendant – Union Technology Int'l (M.C.O.) Co. Ltd.

79. On information and belief, Defendant Union Technology Int'l (M.C.O.) Co. Ltd. ("Union Technology") is a corporation organized under the laws of China having a principal place of business located at 14H, Nam Kwong Building, 223-225 Avenida Dr Rodrigo Rodrigues, Macao.

80. On information and belief, Union Technology Print-Rite Holdings Ltd. is a subsidiary company of Print-Rite and operates a website http://www.union-tec.com.

### Defendants – John Does 1-20

81. On information and belief, John Does 1-20 are manufacturer(s), importer(s), distributor(s), and/or retailer(s) providing Accused Cartridges to, *inter alia*, Alpha Image Tech, E-Toner Mart, and/or Virtual Imaging Products, Inc.

17

## JURISDICTION AND VENUE

82.    This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331 and 1338(a).

83.    On information and belief, this Court has personal jurisdiction over Defendants located in the United States because they have been and/or are engaged in substantial and continuous business activities in this judicial district and/or have committed acts of infringement in this judicial district.

84.    On information and belief, this Court has personal jurisdiction over Defendants located outside the United States under Fed. R. Civ. P. 4(k)(2), because they are not subject to jurisdiction in any state's court of general jurisdiction and exercising jurisdiction is consistent with the United States Constitution and laws.

85.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(2), 1391(c), 1391(d),  and 1400(b).

## COUNT I – PATENT INFRINGEMENT

86.    Lexmark incorporates herein the allegations of paragraphs 1 through 84 above specifically by reference.

87.    On information and belief, Defendants sell for importation, import, offer to sell, and/or sell after importation into the United States one or more of the Accused Cartridges and/or components thereof.

88.    On information and belief, certain of the Accused Cartridges utilize the same patented technology that is found in the Lexmark genuine toner cartridges.  In particular, Defendants have copied Lexmark's genuine toner cartridges for a particular model and utilized

the Patents-in-Suit that cover the same patented components found in Lexmark's genuine toner cartridges.

89.   Lexmark has never licensed or permitted Defendants to practice any of the legal rights granted under the Patents-in-Suit.

90.   On information and belief, Defendants' manufacturing, remanufacturing, importing, offering to sell, and/or selling of one or more of the Accused Cartridges and/or components thereof in the United States constitutes direct patent infringement under 35 U.S.C. § 271(a) of the '032, '169, '231, '233, '661, '432, '378, '772, '291, '771, '015, '876, '383, '662, '692, '510, '760, and/or '204 Patents.

91.   On information and belief, Defendants' manufacturing, remanufacturing, importing, offering to sell, and/or selling of one or more of the Accused Cartridges and/or components thereof, including developer assemblies, in the United States constitutes contributory patent infringement under 35 U.S.C. § 271(c) of the '489, '031, and/or '792 Patents.  On further information and belief, Defendants will have knowledge of the '489, '031, and '792 Patents and their acts giving rise to contributory infringement at least as early as the earlier of (a) their receipt of this Complaint or (b) their receipt of the parallel complaint for an investigation under Section 337 of the Tariff Act of 1930, 19 U.S.C. § 1337, that was filed with the United States International Trade Commission.

92.   On information and belief, Defendants' infringement has been, and continues to be, with full knowledge of the Patents-in-Suit and is deliberate and willful infringement thereof.

93.   By reason of Defendants' infringement of the Patents-in-Suit, Defendants have caused and continue to cause Lexmark to suffer damage and irreparable harm.

94.   Lexmark has no adequate remedy at law for Defendants' infringement of the Patents-in-Suit.

95.   On information and belief, Defendants' infringement of the Patents-in-Suit will continue unless enjoined by this Court.

## JURY DEMAND

In accordance with the Seventh Amendment of the United States Constitution, Lexmark demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Lexmark prays that:

a)      Pursuant to 35 U.S.C. § 271, this Court enter judgment that the Defendants have been and are currently infringing the Patents-in-Suit;

b)      Defendants, their officers, agents, servants, employees, assigns, successors in interest, and attorneys, and all those in active concert or participation with them who received actual notice of the injunction, by personal service or otherwise, be permanently enjoined from infringing the Patents-in-Suit;

c)      Defendants be directed to pay Lexmark the amount of damages that it has sustained as a result of Defendants' acts of patent infringement, and that such damages be trebled under 35 U.S.C. § 284;

d)      This be declared an exceptional case under 35 U.S.C. § 285;

e)      Lexmark be awarded its attorneys' fees;

f)      Defendants be directed to pay an award of pre-judgment interest, post-judgment

interest, and costs of the suit to Lexmark; and

      g)     Lexmark be granted such other further relief as the Court may deem proper and just.

Respectfully submitted,

Dated:  August 20, 2010

/s/P. Douglas Barr
William J. Hunter
P. Douglas Barr (Ohio Bar No. 20868)
Steven B. Loy
Anthony J. Phelps
STOLL KEENON OGDEN PLLC
300 West Vine Street, Suite 2100
Lexington, KY 40507
Telephone: (859) 231-3000
Facsimile: (859) 253-1093

Timothy C. Meece
V. Bryan Medlock
Matthew P. Becker
Jason S. Shull
Neil C. Trueman
BANNER & WITCOFF LTD.
10 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 463-5000

Attorneys for Plaintiff,
Lexmark International, Inc.