UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
CASE NO. 1:10-cv-00564-MRB

LEXMARK INTERNATIONAL, INC.
Plaintiff

v.

INK TECHNOLOGIES PRINTER SUPPLIES, LLC
*et al*
Defendants

### *STIPULATED PERMANENT INJUNCTION, CONSENT JUDGMENT, AND DISMISSAL WITH PREJUDICE*

This matter is before the Court on the stipulated motion of Plaintiff, Lexmark International, Inc. ("Lexmark") and Defendant Virtual Imaging Products, Inc., **135 Ormont Drive, Unit #14/15, North York, Ontario, M9L 1N6** ("VIP") for entry of a Stipulated Permanent Injunction, Consent Judgment and Dismissal With Prejudice, as the Parties have agreed to a compromise and settlement of this action.

**IT IS HEREBY FOUND, ORDERED, ADJUDGED WITH CONSENT OF THE PARTIES** that:

1.  *VIP, its parent, divisions, subsidiaries affiliates, successors and assigns and its directors, officers, and employees, or any of them* are, or have been, in the business, among other things, of selling remanufactured and compatible *toner cartridges in the United States and in foreign countries for use in Lexmark laser printers, including* E120; E220; E230/232/234/238/240; E320/322; E321/323; and/or E250/350/352/450 laser printers (the "Accused Cartridges");

2.  Lexmark owns and has standing to sue for infringement of United States Patent Nos. **5,337,032; 5,634,169;** 5,758,231; 5,758,233; 5,768,661; 5,802,432; 5,875,378; 5,995,772; 6,009,291; 6,078,771; 6,397,015; 6,459,876;

6,487,383; 6,496,662; 6,678,489; 6,816,692; 6,871,031; 6,879,792; 7,139,510; 7,233,760; and 7,305,204 (the "Lexmark Patents");

3. The Lexmark Patents are valid and enforceable against VIP in the United States.

4. Lexmark manufactures and sells toner cartridges for its printer lines, which include T420; T520/522; T610/612/614/616; T620/622; T630/632/634; T640/642/644; E120; E220; E230/232/234/238/240; E320/322; E321/323; and E250/350/352/450 laser printers ("Lexmark Toner Cartridges").

5. The following table identifies the patent claims of the Lexmark Patents that are satisfied literally by the Lexmark Toner Cartridges:

| Patent | Lexmark Toner Cartridges | | | | | |
|---|---|---|---|---|---|---|
| | E120 | E23X/E24X/ E33X/E34X | E25X/ E35X/E45X | T52X/T61X/ T62X/T63X/T64X | E320/22 | E220 and E321/23 |
| 5,337,032 | | | | 1,5,6 | | |
| 5,634,169 | | | | 1-3,32-34, 36, 42 | 32,36,42 | 32,36,42 |
| 5,758,231 | | 1-16 | 1-16 | | 1-16 | 1-16 |
| 5,758,233 | | | | 1-4 | | |
| 5,768,661 | | | | 1,2,3,6 | | |
| 5,802,432 | | | | 1-3, 7-9 | | |
| 5,875,378 | | | | 1-3,12-14,24 | | |
| 5,995,772 | | | | 1-3,5,7-9, 12,14-18,20,21 | 14,15,22, 32-34 | 14,15,22, 32-34 |
| 6,009,291 | 1-2 | 1-2 | 1-2 | 1-2 | | |
| 6,078,771 | 1,5,6,10, 12,13,15 | 1,5,6,10, 12,13,15 | 1,5,6,10, 12,13,15 | 1,2,5,6,10, 12,13,15 | | |
| 6,397,015 | | | | 1-4,7-12, 14-19,22-24 | 1,2,4, 9,17,19 | 1,2,4, 9,17,19 |
| 6,459,876 | | | | 1-28 | | |
| 6,487,383 | 1,2,6, 10,15,19 | 1,2,6, 10,15,19 | 1,2,6, 10,15,19 | 1,2,6,10, 11,15,19 | 19 | 19 |
| 6,496,662 | | 1,3,5,7 | 1,3,5,7 | | | |
| 6,678,489 | | 5-6 | 5-6 | | | |
| 6,816,692 | 1-13 | 1-13 | 1-13 | | | |
| 6,871,031 | | 1-6,8-12 | 1-6,8-12 | | | |
| 6,879,792 | | 1-11 | 1-11 | | | |
| 7,139,510 | | 1-10 | 1-10 | | | |
| 7,233,760 | 11,12,14 | 11,12,14 | 11,12,14 | | | |
| 7,305,204 | | 1-20 | 1-8,10-13 | | | |

6. The use, remanufacture, offer to sell or sale in the United States by anyone other than Lexmark or a licensee of Lexmark of any remanufactured Lexmark Toner Cartridges that were originally sold outside the United States constitutes an infringement of some or all of the above-identified claims in the Lexmark Patents, except to the extent that Lexmark has exhausted its rights in such patents.

7. Lexmark alleges that VIP's importation into and sale in the United States of compatible and/or remanufactured or refilled E120; E220/E321/E323; E230/232/234/238/240 and E250/350/352/450 toner cartridges first sold outside of the United States infringe at least the claims of the patents set forth in the table below, except to the extent that Lexmark has exhausted its rights in such patents:

| Patents-in-Suit | VIP Toner Cartridges | | | |
| --- | --- | --- | --- | --- |
| | E120 | E23x/E24x/ E33x/E34x | E25x/E35x/E45x | E220 and E321/E323 |
| 5,634,169 | | | | 32, 36, 42 |
| 5,758,231 | | 1-16 | 1-16 | 1-16 |
| 5,995,772 | | | | 14, 15, 22, 32 |
| 6,078,771 | 1, 5, 6, 10, 12, 13, 15 | | | |
| 6,397,015 | | | | 1, 2, 4, 9, 17, 19 |
| 6,496,662 | | 1, 3, 5, 7 | 1, 3, 5, 7 | |
| 6,678,489 | | 5, 6 | 5, 6 | |
| 6,816,692 | 1-3, 5, 7, 8, 10, 13 | 1 | 1 | |
| 6,871,031 | | 1-6, 8-12 | 1-6, 8-12 | |
| 6,879,792 | | 1-11 | 1-11 | |
| 7,139,510 | | 1-10 | 1-10 | |
| 7,233,760 | 11, 12, 14 | | | |
| 7,305,204 | | 1-8, 10-13 | 1-8, 10-13 | |

8. ***VIP is entering into this*** Stipulated Permanent Injunction, Consent Judgment and Dismissal With Prejudice ***solely for the purpose of resolving the present litigation; and nothing herein shall be construed as an admission by VIP that it infringed or otherwise violated any of Lexmark's rights in the Lexmark Patents or as a decision by this Court that VIP has infringed or otherwise violated any of Lexmark's rights in the Lexmark Patents***.

9. This Court permanently enjoins VIP and those persons or companies in active concert or participation with VIP who receive actual notice of the order by personal service or otherwise from making, using, selling, offering for sale in or

  importing into the United States Accused Cartridges that infringe any of the above-identified patent claims.

  10. Nothing herein limits or shall be construed to limit in any way VIP's activities with respect to toner cartridges in which Lexmark's patent *rights* have been exhausted. ***Further, nothing herein limits or shall be construed to limit in any way VIP's activities with respect to any Lexmark Patents that have expired, lapsed, are no longer enforceable, or have found to be invalid by a court of competent jurisdiction.  Finally, nothing herein limits or*** shall be construed to limit in any way VIP's activities outside the United States.

  11. Contingent upon this Court's entry of this Order, VIP consents to personal jurisdiction by this Court, consents to venue in this District, and waives services of process for this action.

  12. This Court retains jurisdiction over Lexmark and VIP to the extent necessary to enforce the terms of this Stipulated Permanent Injunction, Consent Judgment, and Dismissal With Prejudice.

  13. This Stipulated Permanent Injunction, Consent Judgment, and Dismissal With Prejudice shall be binding upon and shall inure to the benefit of Lexmark and VIP as well as each of their respective subsidiaries, corporate parents, affiliates, and/or successors and assigns.

  14. All claims between Lexmark and VIP are hereby dismissed with prejudice, with each party to bear its own costs and attorneys' fees.

**IT IS SO ORDERED**

  <u>s/Michael R. Barrett</u>
  The Honorable Michael R. Barrett
  United States District Court Judge

HAVE SEEN AND AGREED TO ON NOVEMBER 30, 2010;
TO BE ENTERED:
  By: <u>/s/Steven B. Loy     </u>
    P. Douglas Barr (Ohio Bar No. 20868)
  Steven B. Loy
  Anthony J. Phelps
  STOLL KEENON OGDEN PLLC
  300 West Vine Street, Suite 2100
  Lexington, KY 40507
  Telephone: (859) 231-3000

Facsimile: (859) 253-1093

William J. Hunter, Jr.
STOLL KEENON OGDEN PLLC
2000 PNC Plaza
500 West Jefferson Street
Louisville, KY 40202
Telephone:  (502) 333-6000
Facsimile:  (502) 333-6099

Timothy C. Meece

V. Bryan Medlock
Matthew P. Becker
Jason S. Shull
Neil C. Trueman
BANNER & WITCOFF LTD.
10 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 463-5000
*Attorneys for Plaintiff,*
*Lexmark International, Inc.*

By: /s/Glenn Dean Bellamy (w/permission by SBL)
      Glenn Dean Bellamy
      Wood, Herron & Evans, LLP
      2700 Carew Tower
      441 Vine Street
      Cincinnati, OH 45202-2917
          Merritt R. Blakeslee
      THE BLAKESLEE LAW FIRM
      ***1250 Connecticut Ave., N.W., Suite 700***
      ***Washington, D.C. 20036***
      ***Attorneys for Defendant Virtual Imaging Products, Inc.***