**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Lexmark International, Inc.,

    Plaintiff,    Case No. 1:10-cv-564

v.

Ink Technologies Printer
Supplies, LLC, et al.    Judge Michael R. Barrett

    Defendant.

### STIPULATED PERMANENT INJUNCTION, CONSENT JUDGMENT, AND DISMISSAL WITH PREJUDICE

This matter is before the Court on the stipulated motion of Plaintiff, Lexmark International, Inc. ("Lexmark") and Defendants Print-Rite Holdings Ltd. ("Print-Rite Holdings") and Union Technology International (M.C.O.) Co. Ltd. ("Utec") for entry of Stipulated Permanent Injunction, Consent Judgment and Dismissal With Prejudice, and have agreed to a compromise and settlement of this action.

**IT IS HEREBY FOUND, ORDERED, ADJUDGED WITH CONSENT OF THE PARTIES** that:

    1. Print-Rite Holdings is a holding company certain of whose operating Affiliates, as defined in paragraph 13 below are in the business, among other things, of manufacturing, remanufacturing, and/or refilling toner cartridges for importation and sale in the United States and in foreign countries for use in Lexmark laser printers, including E230/232/234/238/240; E320/322; E321/323; and/or E250/350/352/450 laser printers (the "Accused Cartridges).

1

2. Lexmark owns and has standing to sue for infringement of United States Patent Nos. 5,337,032; 5,634,169; 5,758,231; 5,758,233; 5,768,661; 5,802,432; 5,875,378; 5,995,772; 6,009,291; 6,078,771; 6,397,015; 6,459,876; 6,487,383; 6,496,662; 6,678,489; 6,816,692; 6,871,031; 6,879,792; 7,139,510; 7,233,760; and 7,305,204 (the "Lexmark Patents");

3. The Lexmark Patents are valid and enforceable against Print-Rite Holdings and its Affiliates.

4. Lexmark manufactures and sells toner cartridges for its printer lines, which include T420; T520/522; T610/612/614/616; T620/622; T630/632/634; T640/642/644; E120; E220; E230/232/234/238/240; E320/322; E321/323; E330/332; E340/342; and E250/350/352/450 laser printers ("Lexmark Toner Cartridges").

5. The following table identifies the patent claims of the Lexmark Patents that are satisfied literally by the Lexmark Toner Cartridges:

| Patent | Lexmark Toner Cartridges | | | | | |
|---|---|---|---|---|---|---|
| | E120 | E23X/E24X/ E33X/E34X | E25X/ E35X/E45X | T52X/T61X/ T62X/T63X/T64X | E320/22 | E220 and E321/23 |
| 5,337,032 | | | | 1,5,6 | | |
| 5,634,169 | | | | 1-3,32-34, 36, 42 | 32,36,42 | 32,36,42 |
| 5,758,231 | | 1-16 | 1-16 | | 1-16 | 1-16 |
| 5,758,233 | | | | 1-4 | | |
| 5,768,661 | | | | 1,2,3,6 | | |
| 5,802,432 | | | | 1-3, 7-9 | | |
| 5,875,378 | | | | 1-3,12-14,24 | | |
| 5,995,772 | | | | 1-3,5,7-9, 12,14-18,20,21 | 14,15,22, 32-34 | 14,15,22, 32-34 |
| 6,009,291 | 1-2 | 1-2 | 1-2 | 1-2 | | |
| 6,078,771 | 1,5,6,10, 12,13,15 | 1,5,6,10, 12,13,15 | 1,5,6,10, 12,13,15 | 1,2,5,6,10, 12,13,15 | | |
| 6,397,015 | | | | 1-4,7-12, 14-19,22-24 | 1,2,4, 9,17,19 | 1,2,4, 9,17,19 |

2

|  | Lexmark Toner Cartridges | | | | | |
|---|---|---|---|---|---|---|
| Patent | E120 | E23X/E24X/E33X/E34X | E25X/E35X/E45X | T52X/T61X/T62X/T63X/T64X | E320/22 | E220 and E321/23 |
| 6,459,876 |  |  |  | 1-28 |  |  |
| 6,487,383 | 1,2,6,10,15,19 | 1,2,6,10,15,19 | 1,2,6,10,15,19 | 1,2,6,10,11,15,19 | 19 | 19 |
| 6,496,662 |  | 1,3,5,7 | 1,3,5,7 |  |  |  |
| 6,678,489 |  | 5-6 | 5-6 |  |  |  |
| 6,816,692 | 1-13 | 1-13 | 1-13 |  |  |  |
| 6,871,031 |  | 1-6,8-12 | 1-6,8-12 |  |  |  |
| 6,879,792 |  | 1-11 | 1-11 |  |  |  |
| 7,139,510 |  | 1-10 | 1-10 |  |  |  |
| 7,233,760 | 11,12,14 | 11,12,14 | 11,12,14 |  |  |  |
| 7,305,204 |  | 1-20 | 1-8,10-13 |  |  |  |

6. The use, remanufacture, offer to sell or sale by anyone other than Lexmark of any remanufactured Lexmark Toner Cartridges that were originally sold outside the United States constitutes an infringement the above-identified claims in the Lexmark Patents.

7. The Print-Rite Holdings Affiliates' importation and sale in the United States of (i) compatible cartridges suitable for use in Lexmark E230/232/234/238/240 and E250/350/352/450 model printers has been alleged by Lexmark to infringe at least the claims of the patents set forth in the table below; and (ii) remanufactured and/or refilled Lexmark E230/232/234/238/240 and E250/350/352/450 toner cartridges first sold outside of the United States infringe at least the claims of the patents set forth in the table below:

|  | Print-Rite Group Toner Cartridges | |
|---|---|---|
| Patents-in-Suit | E23x/E24x/E33x/E34x | E25x/E35x/E45x |
| 6,678,489 | 5, 6 | 5,6 |
| 6,816,692 | 1-13 | 1-13 |
| 6,871,031 | 1-6, 8-12 | 1-6, 8-12 |

3

| Patents-in-Suit | Print-Rite Group Toner Cartridges | |
|---|---|---|
| | E23x/E24x/E33x/E34x | E25x/E35x/E45x |
| 6,879,792 | 1-11 | 1-11 |
| 7,139,510 | 1-4, 6-9 | 1-4, 6-9 |
| 7,305,204 | 1-20 | 1-20 |

8. This Court permanently enjoins the Print-Rite Holdings and the Print-Rite Holdings Affiliates as well as those persons or companies in active concert or participation with any of the foregoing who receive actual notice of the order by personal service or otherwise from making, using, selling, offering for sale or importing into the United States Accused Cartridges that infringe any of the above-identified patent claims or are merely colorable changes of the Accused Cartridges.

9. Nothing herein limits or shall be construed to limit in any way Print-Rite Holdings or the Print-Rite Holdings Affiliates' activities with respect to toner cartridges in which Lexmark's patent rights have been exhausted.  Further, nothing herein limits or shall be construed to limit in any way Print-Rite Holdings or the Print-Rite Holdings Affiliates' activities with respect to any Lexmark Patents that have expired, lapsed, or are no longer enforceable.

10. Print-Rite Holdings and Print-Rite Holdings Affiliates consent to personal jurisdiction by this Court, consent to venue in this District, and waive services of process for this action, contingent upon, and subject to, entry by the Court of this Stipulated Permanent Injunction.  Should this Court for any reason fail or decline to enter this Stipulated Permanent Injunction, the foregoing consents to jurisdiction and venue, and waiver of service of process, shall be null and void ab initio.

11. This Court retains jurisdiction over Lexmark, Print-Rite Holdings, and Print-Rite Holdings Affiliates to the extent necessary to enforce the terms of this Stipulated Permanent Injunction, Consent Judgment, and Dismissal With Prejudice as well as Lexmark, Print-Rite Holdings, and Print-Rite Holdings Affiliates' Settlement Agreement, which is incorporated in its entirety herein by reference.

12. This Stipulated Permanent Injunction, Consent Judgment, and Dismissal With Prejudice shall be binding upon and shall inure to the benefit of Lexmark, Print-Rite Holdings, and Print-Rite Holdings Affiliates, as well as each of their respective successors and assigns.

13. For purposes of this Stipulated Permanent Injunction, "Affiliate" is defined, in the case of Print-Rite Holdings Affiliates, as "the officers, directors, successors or assigns of Print-Rite Holdings, Ltd., together with any corporation or other business entity that directly or indirectly controls, is controlled by, or is under common control with Print-Rite Holdings, Ltd. including, but not limited to, Utec."

14. Print-Rite Holdings represents and warrants that it has the right to make all warranties and representations set forth herein and that the person executing this Agreement on its behalf has full authority, competence and power to bind it to this Agreement and all of the terms hereof on behalf of itself as well as on behalf of Print-Rite Holdings Affiliates.

15. All claims between Lexmark, Print-Rite Holdings, and Print-Rite Holdings Affiliates (including Utec) are hereby dismissed with prejudice, with each party to bear its own costs and attorneys' fees.

**IT IS SO ORDERED.**

                                                *s/Michael R. Barrett*
                                                UNITED STATES DISTRICT JUDGE

HAVE SEEN AND AGREED TO ON DECEMBER 14, 2010;
TO BE ENTERED:


By:    /s/Steven B. Loy
       P. Douglas Barr (Ohio Bar No. 20868)
       Steven B. Loy
       Anthony J. Phelps
       STOLL KEENON OGDEN PLLC
       300 West Vine Street, Suite 2100
       Lexington, KY 40507
       Telephone: (859) 231-3000
       Facsimile: (859) 253-1093

       William J. Hunter, Jr.
       STOLL KEENON OGDEN PLLC
       2000 PNC Plaza
       500 West Jefferson Street
       Louisville, KY 40202
       Telephone: (502) 333-6000
       Facsimile: (502) 333-6099

       Timothy C. Meece
       V. Bryan Medlock
       Matthew P. Becker
       Jason S. Shull
       Neil C. Trueman
       BANNER & WITCOFF LTD.
       10 South Wacker Drive, Suite 3000
       Chicago, Illinois 60606
       Telephone: (312) 463-5000
       *Attorneys for Plaintiff,*
       *Lexmark International, Inc.*

By: <u>/s/Wm. T. Robinson III (w/permission by SBL)</u>
Wm. T. Robinson III
Frost Brown Todd LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, OH 45202-4182

Wayne Cooper (Of Counsel)
Law Office of Wayne B. Cooper
Thirty Oakland Avenue
San Anselmo, CA 94960
*Attorneys for Defendants Print-Rite Holdings Ltd.
and Union Technology International (M.C.O.) Co. Ltd.*