UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LEXMARK INTERNATIONAL, INC.
Plaintiff             Case No. 1:10-cv-564

v.

INK TECHNOLOGIES PRINTER SUPPLIES, LLC
*et al*               Judge Michael R. Barrett
Defendants

**STIPULATED PERMANENT INJUNCTION, CONSENT JUDGMENT, AND DISMISSAL WITH PREJUDICE**

This matter is before the Court on the stipulated motion (Doc. 92) of Plaintiff, Lexmark International, Inc. ("Lexmark") and Defendants Ninestar Image Co. Ltd. (hereinafter "Ninestar Image Co."), Ninestar Image Int'l, Ltd. (hereinafter "Ninestar Image Int'l"), Seine Image International Co. Ltd. (hereinafter "Seine Image"), Ninestar Technology Company, Ltd., (hereinafter "Ninestar Tech"); Ziprint Image Corporation, (hereinafter "Ziprint"), and Nano Pacific Corporation (hereinafter "Nano Pacific"), for entry of a Stipulated Permanent Injunction, Consent Judgment and Dismissal With Prejudice, having agreed to a compromise and settlement of this action.

**IT IS HEREBY FOUND, ORDERED, AND ADJUDGED WITH CONSENT OF THE PARTIES** that:

1.      Ninestar Image Co., Ninestar Image Int'l, Seine Image, Ninestar Tech, Ziprint and/or Nano Pacific (collectively the "Ninestar Entities") are or have been in the business, among other things, of manufacturing, remanufacturing, and/or refilling toner cartridges for use in Lexmark laser printers, including T520/522; T610/612/614/616;

T620/622; T630/632/634; T640/642/644; E120; E220; E230/232/234/238/240; E320/322; E321/323; E330/332; E340/342; and E250/350/352/450 laser printers (the "Accused Cartridges") that are imported and/or sold sale in the United States and in foreign countries by one or more of the Ninestar Entities;

2. Lexmark owns and has standing to sue for infringement of United States Patent Nos. 5,337,032; 5,634,169; 5,758,231; 5,758,233; 5,768,661; 5,802,432; 5,875,378; 5,995,772; 6,009,291; 6,078,771; 6,397,015; 6,459,876; 6,487,383; 6,496,662; 6,678,489; 6,816,692; 6,871,031; 6,879,792; 7,139,510; 7,233,760; and 7,305,204 (the "Lexmark Patents");

3. The Ninestar Entities and their Affiliates (as defined in Paragraph 11) agree not to contest the validity and enforceability of the Lexmark Patents.

4. The Ninestar Entities' importation and sale in the United States of (i) compatible cartridges suitable for use in T520/522; T610/612/614/616; T620/622; T630/632/634; T640/642/644; E120; E220; E230/232/234/238/240; E320/322; E321/323; E330/332; E340/342; and E250/350/352/450 laser printers has been alleged by Lexmark to infringe at least the claims of the patents set forth in the table below. The Ninestar Entities have denied that they infringe any valid and enforceable claim of the Patents-in-Suit.

| Patents-in-Suit | Ninestar Toner Cartridges | | | | | |
|---|---|---|---|---|---|---|
| | E120 | E23x/E24x/ E33x/E34x | E25x/ E35x/E45x | T61x/T62x/ T63x/T64x | E320/ E322 | E220 and E321/E323 |
| 5,337,032 | | | | 1 | | |
| 5,634,169 | | | | 1-3,32-34, 36,42 | 32,36,42 | 32,36,42 |
| 5,758,231 | | | | 1-16[1] | | |
| 5,758,233 | | | | 1-4 | | |

---

[1] With respect to the T63x and T64x cartridges only.

| Patents-in-Suit | Ninestar Toner Cartridges | | | | | |
|---|---|---|---|---|---|---|
| | E120 | E23x/E24x/E33x/E34x | E25x/E35x/E45x | T61x/T62x/T63x/T64x | E320/E322 | E220 and E321/E323 |
| 5,768,661 | | | | 1,2, 3, 6 | | |
| 5,802,432 | | | | 1-3, 7-9 | | |
| 5,875,378 | | | | 1-3,12-14,24 | | |
| 5,995,772 | | | | 1-3,5,7-9,12, 14-18,20,21 | 14,15,22,32 | 14,15,22,32 |
| 6,009,291 | | | | 1,2 | | |
| 6,078,771 | | | | 1,2,5,6,10 | | |
| 6,397,015 | | | | 1,2,7,10,11, 14,15,17,22,24 | 1,2,17,19 | 1,2,17,19 |
| 6,459,876 | | | | 1-3,28 | | |
| 6,487,383 | | | | 1,2,6,10,11,15,19[2] | | |
| 6,496,662 | | | 1,3,5,7 | | | |
| 6,678,489 | | 5-6 | 5-6 | | | |
| 6,816,692 | 1-3,5,7, 8,10,13 | | | | | |
| 6,871,031 | | 1,3,5,8,10 | 1,3,5,8,10 | | | |
| 6,879,792 | | 1-11 | 1-11 | | | |
| 7,139,510 | | | 1,6 | | | |
| 7,233,760 | | | 1-10 | | | |
| 7,305,204 | | 1,7,14,15 | 1,7 | | | |

5. Except as permitted in Paragraph 6, this Court permanently enjoins the Ninestar Entities and the Ninestar Affiliates as well as those persons or companies in active concert or participation with any of the foregoing who receive actual notice of the order by personal service or otherwise from making, using, selling, offering for sale or importing into the United States Accused Cartridges that infringe any of the above-identified patent claims or are not colorably different from the Accused Cartridges.

6. Pursuant to the terms set forth in the parties Settlement Agreement, the Ninestar Entities may have a period of no longer than six months starting from December

---

[2] Claim 19 only with respect to the T64x cartridges.

30, 2010, to sell their existing inventory of Accused Cartridges that are physically located in the United States as of December 30, 2010.

7. Nothing herein limits or shall be construed to limit in any way the Ninestar Entities' or the Ninestar Entities Affiliates' activities with respect to toner cartridges in which Lexmark's patent rights have been exhausted or redesigned cartridges that do not infringe the Lexmark Patents. Further, nothing herein limits or shall be construed to limit in any way the Ninestar Entities' or the Ninestar Entities Affiliates' activities with respect to any Lexmark Patents that have expired, lapsed, or are no longer enforceable.

8. The Ninestar Entities and the Ninestar Entities Affiliates consent to personal jurisdiction by this Court, consent to venue in this District, and waive service of process for this action, contingent upon, and subject to, entry by the Court of this Stipulated Permanent Injunction. Should this Court for any reason fail or decline to enter this Stipulated Permanent Injunction, the foregoing consents to jurisdiction and venue, and waiver of service of process, shall be null and void ab initio.

9. This Court retains jurisdiction over Lexmark, the Ninestar Entities and the Ninestar Entities Affiliates to the extent necessary to enforce the terms of this Stipulated Permanent Injunction, Consent Judgment, and Dismissal With Prejudice as well as Lexmark, the Ninestar Entities and the Ninestar Entities Affiliates Settlement Agreement, which is incorporated in its entirety herein by reference.

10. This Stipulated Permanent Injunction, Consent Judgment, and Dismissal With Prejudice shall be binding upon and shall inure to the benefit of Lexmark, the Ninestar Entities and the Ninestar Entities Affiliates, as well as each of their respective successors and assigns.

11. For purposes of this Stipulated Permanent Injunction, "Ninestar Entity Affiliates" (or "Affiliates") is defined as "the officers, directors, successors or assigns of any Ninestar Entity, together with any corporation or other business entity that directly or indirectly controls, is controlled by, or is under common control with a Ninestar Entity."

12. The Ninestar Entities represent and warrant that they have the right to make all warranties and representations set forth herein and that the person executing this Agreement on their behalf has full authority, competence and power to bind them to this Agreement and all of the terms hereof on behalf of themselves as well as on behalf of the Ninestar Entities Affiliates.

13. Nothing contained in this Stipulated Injunction shall be construed as evidence or an admission of any alleged wrongdoing or liability by any of the Ninestar Entities or the Ninestar Entities Affiliates or as evidence of infringement of any claims of the Lexmark Patents.

14. All claims between Lexmark, the Ninestar Entities and Ninestar Entities Affiliates are hereby dismissed with prejudice, with each party to bear its own costs and attorneys' fees.

Dated: January 19, 2011          By:  s/Michael R. Barrett
                                      United States District Court Judge

HAVE SEEN AND AGREED TO ON JANUARY 18, 2011;
TO BE ENTERED:

By:     /s/Steven B. Loy
        P. Douglas Barr (Ohio Bar No. 20868)
        Steven B. Loy
        Anthony J. Phelps
        STOLL KEENON OGDEN PLLC
        300 West Vine Street, Suite 2100
        Lexington, KY 40507
        Telephone: (859) 231-3000
        Facsimile: (859) 253-1093

        William J. Hunter, Jr.
        STOLL KEENON OGDEN PLLC
        2000 PNC Plaza
        500 West Jefferson Street
        Louisville, KY 40202
        Telephone:  (502) 333-6000
        Facsimile:  (502) 333-6099

        Timothy C. Meece
        V. Bryan Medlock
        Matthew P. Becker
        Jason S. Shull
        Neil C. Trueman
        BANNER & WITCOFF LTD.
        10 South Wacker Drive, Suite 3000
        Chicago, Illinois 60606
        Telephone: (312) 463-5000
        *Attorneys for Plaintiff,*
        *Lexmark International, Inc*.

By:     /s/Gary M. Hnath (w/permission by SBL)
        Gary M. Hnath
        Jeffrey C. Lowe
        Mayer Brown LLP
        1999 K Street, N.W.
        Washington, D.C. 20006-1101

        David G. Kern
        Roetzel & Andress
        250 East Fifth Street, Ste. 310
        Cincinnati, OH 45202

*Attorneys for Ninestar Image Co. Ltd.,*
*Ninestar Image Int'l, Ltd.,*
*Seine Image International Co. Ltd., Ninestar Technology Company, Ltd.,*
*Ziprint Image Corporation, Nano Pacific Corporation*