UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
CASE NO. 1:10-cv-00564-MRB

LEXMARK INTERNATIONAL, INC.
Plaintiff

v.

INK TECHNOLOGIES PRINTER SUPPLIES, LLC
*et al*
Defendants

### STIPULATED PERMANENT INJUNCTION, CONSENT JUDGMENT, AND DISMISSAL WITH PREJUDICE

This matter is before the Court on the stipulated motion of Plaintiff, Lexmark International, Inc. ("Lexmark") and Defendant Acecom Inc.– San Antonio (d/b/a InkSell.com) (hereinafter "ACECOM") for entry of a Stipulated Permanent Injunction, Consent Judgment and Dismissal With Prejudice, having agreed to a compromise and settlement of this action.

**IT IS HEREBY FOUND, ORDERED, ADJUDGED WITH CONSENT OF THE PARTIES** that:

1. ACECOM is, or has been, in the business, among other things, of selling remanufactured and compatible toner cartridges in the United States for use in Lexmark laser printers, including E120; E220; E230/232/234/238/240; E320/322; E321/323; E330/332; E340/342; and E250/350/352/450 laser printers (the "Accused Cartridges");

2. Lexmark owns and has standing to sue for infringement of United States Patent Nos. 5,337,032; 5,634,169; 5,758,231; 5,758,233; 5,768,661;

5,802,432; 5,875,378; 5,995,772; 6,009,291; 6,078,771; 6,397,015; 6,459,876; 6,487,383; 6,496,662; 6,678,489; 6,816,692; 6,871,031; 6,879,792; 7,139,510; 7,233,760; and 7,305,204 (the "Lexmark Patents");

3. ACECOM agrees not to contest the validity and enforceability of the Lexmark Patents.

4. ACECOM's importation and/or sale in the United States of (i) compatible cartridges suitable for use in E120; E220; E230/232/234/238/240; E320/322; E321/323; E330/332; E340/342; and E250/350/352/450 laser printers has been alleged by Lexmark to infringe at least the claims of the patents set forth in the table below; and (ii) remanufactured and/or refilled E120; E220; E230/232/234/238/240; E320/322; E321/323; E330/332; E340/342; and E250/350/352/450 laser printers toner cartridges first sold outside of the United States have been alleged by Lexmark to infringe at least the claims of the patents set forth in the table below.  ACECOM has denied that it infringes any valid and enforceable claim of the Patents-in-Suit.

| Patents-in-Suit | ACECOM Toner Cartridges | | | | |
| --- | --- | --- | --- | --- | --- |
| | E120 | E23x/E24x/ E33x/E34x | E25x/ E35x/E45x | E320/ E322 | E220 and E321/E323 |
| 5,634,169 | | | | 32,36,42 | 32,36,42 |
| 5,758,231 | | 1-16 | 1-16 | 1-16 | 1-16 |
| 5,995,772 | | | | 14,15,22,32 | 14,15,22,32 |
| 6,078,771 | 1,5,6,10, 12,13,15 | 1,5,6,10, 12,13,15 | 1,5,6,10, 12,13,15 | 1,2,5,6,10, 12,13,15 | |
| 6,397,015 | | | | 1,2,17,19 | 1,2,17,19 |
| 6,487,383 | | 5,6 | | | |
| 6,496,662 | | | 1,3,5,7 | | |
| 6,678,489 | | 5-6 | 5-6 | | |
| 6,816,692 | 1-3,5,7, 8,10,13 | | | | |

| Patents-in-Suit | ACECOM Toner Cartridges | | | | |
| --- | --- | --- | --- | --- | --- |
| | E120 | E23x/E24x/E33x/E34x | E25x/E35x/E45x | E320/E322 | E220 and E321/E323 |
| 6,871,031 | | 1,3,5,8,10 | 1,3,5,8,10 | | |
| 6,879,792 | | 1-11 | 1-11 | | |
| 7,139,510 | | | 1,6 | | |
| 7,233,760 | | | 1-10 | | |
| 7,305,204 | | 1,7,14,15 | 1,7 | | |

5. Except as permitted in Paragraphs 6 and 7, this Court permanently enjoins ACECOM as well as those persons or companies in active concert or participation with ACECOM who receive actual notice of the order by personal service or otherwise from making, using, selling, offering for sale or importing into the United States Accused Cartridges that infringe any of the above-identified patent claims or are not colorably different from the Accused Cartridges.

6. Pursuant to the terms set forth in the Settlement Agreement, dated December 30, 2010, between Ninestar Image Co. Ltd., Ninestar Image Int'l, Ltd., Seine Image International Co. Ltd., Ninestar Technology Company, Ltd., Ziprint Image Corporation, and Nano Pacific Corporation (collectively the "Ninestar Entities") and Lexmark (the "Settlement Agreement"), ACECOM may have a period of no longer than six months, starting from the date the Court enters this Stipulated Permanent Injunction, Consent Judgment and Dismissal With Prejudice, to sell its existing inventory of Accused Products that are physically located in the United States as of that date.

7. Nothing herein limits or shall be construed to limit in any way ACECOM's activities with respect to toner cartridges in which Lexmark's patent

rights have been exhausted or to redesigned toner cartridges that do not infringe Lexmark's patents.  Further, nothing herein limits or shall be construed to limit in any way ACECOM's activities with respect to any Lexmark Patents that have expired, lapsed, are no longer enforceable, or have found to be invalid by a court of competent jurisdiction.  Finally, nothing herein limits or shall be construed to limit in any way ACECOM's activities outside the United States.

8. ACECOM consents to personal jurisdiction by this Court, consents to venue in this District, and waives services of process for this action.  Should this Court for any reason fail or decline to enter this Stipulated Permanent Injunction, the foregoing consents to jurisdiction and venue, and waiver of service of process, shall be null and void *ab initio*.

9. This Court retains jurisdiction over Lexmark and ACECOM to the extent necessary to enforce the terms of this Stipulated Permanent Injunction, Consent Judgment, and Dismissal With Prejudice, as well as the Settlement Agreement, which is incorporated in its entirety herein by reference.

10. This Stipulated Permanent Injunction, Consent Judgment, and Dismissal With Prejudice shall be binding upon and shall inure to the benefit of Lexmark and ACECOM, as well as each of their respective subsidiaries, corporate parents, affiliates, and/or successors and assigns.

11. Nothing herein shall be construed as evidence or an admission of any alleged wrongdoing or liability by ACECOM or as evidence of infringement of any claims of the Lexmark Patents.

12. All claims between Lexmark and ACECOM are hereby dismissed with prejudice, with each party to bear its own costs and attorneys' fees.

Dated: <u>March 18, 2011</u>  By: <u>*s/Michael R. Barrett*</u>
United States District Judge

HAVE SEEN AND AGREED TO ON MARCH 17, 2011;
TO BE ENTERED:

By: /s/Steven B. Loy
P. Douglas Barr (Ohio Bar No. 20868)
Steven B. Loy
Anthony J. Phelps
STOLL KEENON OGDEN PLLC
300 West Vine Street, Suite 2100
Lexington, KY 40507
Telephone: (859) 231-3000
Facsimile: (859) 253-1093

William J. Hunter, Jr.
STOLL KEENON OGDEN PLLC
2000 PNC Plaza
500 West Jefferson Street
Louisville, KY 40202
Telephone: (502) 333-6000
Facsimile: (502) 333-6099

Timothy C. Meece
V. Bryan Medlock
Matthew P. Becker
Jason S. Shull
Neil C. Trueman
BANNER & WITCOFF LTD.
10 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 463-5000
*Attorneys for Plaintiff,*
*Lexmark International, Inc.*

By: /s/Gary M. Hnath (w/permission by SBL)
Gary M. Hnath
Jeffrey C. Lowe
Mayer Brown LLP
1999 K Street, N.W.
Washington, D.C. 20006-1101

David G. Kern
Roetzel & Andress
250 East Fifth Street, Ste. 310
Cincinnati, OH 45202
*Attorneys for Acecom Inc. – San Antonio*
*(d/b/a Inksell.com)*