UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
CASE NO. 1:10-cv-00564-MRB

LEXMARK INTERNATIONAL, INC.

    Plaintiff

v.

INK TECHNOLOGIES PRINTER SUPPLIES, LLC
*et al*

    Defendants

### STIPULATED PERMANENT INJUNCTION AND DISMISSAL WITH PREJUDICE

This matter is before the Court on the stipulated motion of Plaintiff, Lexmark International, Inc. ("Lexmark") and Defendants Jahwa Electronics Co., Ltd., Huizhou Jahwa Electronics Co., Ltd., Laser Toner Technology, Inc., Copy Technologies, Inc., and C&R Services Incorporated (collectively referred to as the "Jahwa-Related Entities") for entry of Stipulated Permanent Injunction and Dismissal With Prejudice, as the parties have agreed to a compromise and settlement of this action.

**IT IS HEREBY FOUND, ORDERED, ADJUDGED WITH CONSENT OF THE PARTIES** that:

    1.    Plaintiff Lexmark has alleged that the Jahwa T63X and T64X cartridges made and/or sold in the United States infringe certain U.S. patents owned by Lexmark, as indicated in the following table.

| Patents-in-Suit | Toner Cartridges | |
| --- | --- | --- |
| | T63X | T64X |
| **5,337,032** | 1 | 1 |
| **5,634,169** | 32,33,36,42 | 32,33,36,42 |
| **5,758,233** | 1,2 | 1,2 |
| **5,768,661** | 1,2 | 1,2 |
| **5,995,772** | 1,13,14,39 | 1,13,14,39 |
| **6,009,291** | 1-2 | 1-2 |
| **6,397,015** | 1,2,7,10,11,14,15,17,22,24 | 1,2,7,10,11,14,15,17,22,24 |
| **7,233,760** | 11,12 | 11,12 |

2. The Jahwa-Related Entities are entering into this Stipulated Permanent Injunction and Dismissal With Prejudice solely for the purposes of resolving the present litigation; and nothing herein shall be construed as an admission by the Jahwa-Related Entities that they infringed or otherwise violated any of Lexmark's rights in the Lexmark Patents or as a decision by this Court that any of the Jahwa-Related Entities have infringed or otherwise violated any of Lexmark's rights in the Lexmark Patents.

3. Lexmark owns and has standing to sue for infringement of the United States Patent Nos. 5,337,032; 5,634,169; 5,758,233; 5,758,233; 5,768,661; 5,995,772; 6,009,291; 6,397,015; and 7,233,760 (the "Lexmark Patents.").

4. The Jahwa-Related Entities agree not to contest the validity and enforceability of the Lexmark Patents.

5. Except as permitted in Paragraph 6, this Court hereby permanently enjoins the Jahwa-Related Entities and those persons or companies in active concert or participation with any of the foregoing who receive actual notice of the Order by

personal service or otherwise from making, using, selling, offering for sale or importing into the United States the Accused Jahwa T63x and T64x Cartridges, or mere colorable variations thereof, during the respective lives of the respective Asserted Patents, subject to a final and no longer appealable decision by a court or agency of competent jurisdiction that each of the alleged infringed claims is invalid, not patentable, or unenforceable.

6. Pursuant to the terms set forth in the Parties' Settlement Agreement, the Jahwa-Related Entities may sell their existing inventory of Accused Products.

7. Nothing herein limits or shall be construed to limit in any way the Jahwa-Related Entities' activities with respect to toner cartridges in which Lexmark's patent rights have been exhausted. Further, nothing herein limits or shall be construed to limit in any way the Jahwa-Related Entities activities with respect to any Lexmark Patents that have expired, lapsed, are no longer enforceable, or have been found to be invalid by a court of competent jurisdiction or by the U.S. Patent and Trademark Office. And nothing herein limits or shall be construed to limit in any way the Jahwa-Related Entities' activities outside the United States.

8. Contingent upon this Court's entry of this Order, each of the Jahwa-Related Entities consents to personal jurisdiction by this Court and consents to venue in this District.

9. This Stipulated Permanent Injunction and Dismissal With Prejudice shall be binding upon and shall inure to the benefit of Lexmark and the Jahwa-Related Entities as well as each of their respective subsidiaries, corporate parents, affiliates, and/or successors and assigns.

Case: 1:10-cv-00564-MRB Doc #: 103 Filed: 08/02/11 Page: 4 of 5  PAGEID #: 960

10. This Court retains jurisdiction over Lexmark and the Jahwa-Related Entities to the extent necessary to enforce the terms of their Settlement Agreement and this Stipulated Permanent Injunction and Dismissal With Prejudice.

11. All claims between Lexmark and the Jahwa-Related Entities are hereby dismissed with prejudice, with each party to bear its own costs and attorneys' fees.

Dated:  July 29, 2011   .

*s/Michael R. Barrett*
United States District Court Judge

HAVING BEEN SEEN AND AGREED TO ON JULY 28, 2011:

By:

s/Steven B. Loy
P. Douglas Barr (Ohio Bar No. 20868)
Steven B. Loy
Anthony J. Phelps
STOLL KEENON OGDEN PLLC
300 West Vine Street, Suite 2100
Lexington, KY 40507
Telephone: (859) 231-3000
Facsimile: (859) 253-1093

William J. Hunter, Jr.
STOLL KEENON OGDEN PLLC
2000 PNC Plaza
500 West Jefferson Street
Louisville, KY 40202

Telephone: (502) 333-6000
Facsimile: (502) 333-6099

Timothy C. Meece
V. Bryan Medlock
Matthew P. Becker
Jason S. Shull
Neil C. Trueman
BANNER & WITCOFF LTD.
10 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 463-5000

*Attorneys for Plaintiff,*
*Lexmark International, Inc.*


s/Richard L. Stroup (w/permission by SBL)
Michael P. Foley
RENDIGS, FRY, KIELY & DENNIS, L.L.P.
1 W. Fourth St., Suite 900
Cincinnati, OH 45202
Telephone: (513) 381-9200
Facsimile: (513) 381-9206

Richard L. Stroup
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001-4413

Charles H. Suh
Finnegan, Henderson, Farabow, Garrett &
Dunner, LLP
Two Freedom Square
11955 Freedom Drive, Suite 800
Reston, VA 20190-5675


*Attorneys for Copy Technologies, Inc.,*
*Jahwa Electronics Co., Ltd.,*
*Huizhou Jahwa Electronics Co., Ltd.,*
*Laser Toner Technology, Inc.*
*and C&R Services, Incorporated*