UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
CASE NO. 1:10-cv-00564-MRB

LEXMARK INTERNATIONAL, INC.,
Plaintiff,

v.

INK TECHNOLOGIES PRINTER SUPPLIES, LLC,
*et al*,
Defendants.

### STIPULATED PERMANENT INJUNCTION, CONSENT JUDGMENT, AND DISMISSAL WITH PREJUDICE

This matter is before the Court on the stipulated motion of Plaintiff Lexmark International, Inc. ("Lexmark") and Defendant Direct Billing International, Incorporated ("DIRECT BILLING") for entry of Stipulated Permanent Injunction, Consent Judgment and Dismissal With Prejudice, having agreed to a compromise and settlement of this action.

**IT IS HEREBY FOUND, ORDERED, ADJUDGED WITH CONSENT OF THE PARTIES** that:

1.      DIRECT BILLING is, or has been, in the business, among other things, of selling remanufactured and compatible toner cartridges in the United States and in foreign countries for use in Lexmark laser printers, including T610/T612/T614/T616; T620/T622; T630/632/634; T640/642/644; E120; E220; E230/232/234/238/240; E320/322; E321/323; E330/332; E340/342; and E250/350/352/450 laser printers (the "Accused Cartridges");

2.      Lexmark owns and has standing to sue for infringement of United States Patent Nos. 5,337,032; 5,634,169; 5,758,231; 5,758,233; 5,768,661; 5,802,432; 5,875,378; 5,995,772; 6,009,291; 6,078,771; 6,397,015; 6,459,876; 6,487,383; 6,496,662; 6,678,489;

6,816,692; 6,871,031; 6,879,792; 7,139,510; 7,233,760; and 7,305,204 (the "Lexmark Patents");

3.     DIRECT BILLING agrees not to contest the validity and enforceability of the Lexmark Patents.

4.     DIRECT BILLING's importation and/or sale in the United States of (i) compatible cartridges suitable for use in T520/T522; T630/632/634; T640/642/644; E120; E220; E230/232/234/238/240; E320/322; E321/323; E330/332; E340/342; and E250/350/352/450 laser printers has been alleged by Lexmark to infringe at least the claims of the patents set forth in the table below; and (ii) remanufactured and/or refilled T520/T522; T630/632/634; T640/642/644; E120; E220; E230/232/234/238/240; E320/322; E321/323; E330/332; E340/342; and E250/350/352/450 laser printers toner cartridges first sold outside of the United States has been alleged by Lexmark to infringe at least the claims of the patents set forth in the table below.  DIRECT BILLING has denied that it infringes any valid and enforceable claim of the Patents-in-Suit.

| Patents-in-Suit | DIRECT BILLING Toner Cartridges | | | | | |
|---|---|---|---|---|---|---|
| | E120 | E23x/E24x/E33x/E34x | E25x/E35x/E45x | T52x/T61x/T62x/T63x/T64x | E320/E322 | E220 and E321/E323 |
| **5,337,032** | | | | 1 | | |
| **5,634,169** | | | | 1-3,32-34, 36,42 | 32,36,42 | 32,36,42 |
| **5,758,231** | | | | 1-16[1] | | |
| **5,758,233** | | | | 1-4 | | |
| **5,768,661** | | | | 1, 2, 3, 6 | | |
| **5,802,432** | | | | 1-3, 7-9 | | |
| **5,875,378** | | | | 1-3,12-14,24 | | |
| **5,995,772** | | | | 1-3,5,7-9,12, 14-18,20,21 | 14,15,22,32 | 14,15,22,32 |
| **6,009,291** | | | | 1,2 | | |

---

[1]With respect to the T63x and T64x cartridges only.

| Patents-in-Suit | DIRECT BILLING Toner Cartridges | | | | | |
|---|---|---|---|---|---|---|
| | E120 | E23x/E24x/E33x/E34x | E25x/E35x/E45x | T52x/T61x/T62x/T63x/T64x | E320/E322 | E220 and E321/E323 |
| **6,078,771** | 1,5,6,10,12,13,15 | 1,5,6,10,12,13,15 | 1,5,6,10,12,13,15 | 1,2,5,6,10,12,13,15 | | |
| **6,397,015** | | | | 1,2,7,10,11,14,15,17,22,24 | 1,2,17,19 | 1,2,17,19 |
| **6,459,876** | | | | 1-3,28 | | |
| **6,487,383** | | | | 1,2,6,10,11,15,19[2] | | |
| **6,496,662** | | | 1,3,5,7 | | | |
| **6,678,489** | | 5-6 | 5-6 | | | |
| **6,816,692** | 1-3,5,7,8,10,13 | | | | | |
| **6,871,031** | | 1,3,5,8,10 | 1,3,5,8,10 | | | |
| **6,879,792** | | 1-11 | 1-11 | | | |
| **7,139,510** | | | 1,6 | | | |
| **7,233,760** | | | 1-10 | | | |
| **7,305,204** | | 1,7,14,15 | 1,7 | | | |

5.      Except as permitted in Paragraphs 6 and 7, this Court permanently enjoins DIRECT BILLING as well as those persons or companies in active concert or participation with DIRECT BILLING who receive actual notice of the order by personal service or otherwise from making, using, selling, offering for sale or importing into the United States Accused Cartridges that infringe any of the above-identified patent claims or are not colorably different from the Accused Cartridges.

6.      Pursuant to the terms set forth in the Settlement Agreement, dated December 30, 2010, between Ninestar Image Co. Ltd., Ninestar Image Int'l, Ltd., Seine Image International Co. Ltd., Ninestar Technology Company, Ltd., Ziprint Image Corporation, and Nano Pacific Corporation (collectively the "Ninestar Entities") and Lexmark (the "Settlement Agreement"), DIRECT BILLING may have a period of no longer than six

---

[2] Claim 19 only with respect to the T64x cartridges.

months, starting from the date the Court enters this Stipulated Permanent Injunction, Consent Judgment and Dismissal With Prejudice, to sell its existing inventory of Accused Cartridges that are physically located in the United States as of that date.

7. Nothing herein limits or shall be construed to limit in any way DIRECT BILLING's activities with respect to toner cartridges in which Lexmark's patent rights have been exhausted or to redesigned toner cartridges that do not infringe Lexmark's patents. Further, nothing herein limits or shall be construed to limit in any way DIRECT BILLING's activities with respect to any Lexmark Patents that have expired, lapsed, are no longer enforceable, or have found to be invalid by a court of competent jurisdiction. Finally, nothing herein limits or shall be construed to limit in any way DIRECT BILLING's activities outside the United States.

8. DIRECT BILLING consents to personal jurisdiction by this Court, consents to venue in this District, and waives services of process for this action. Should this Court for any reason fail or decline to enter this Stipulated Permanent Injunction, Consent Judgment and Dismissal With Prejudice, the foregoing consents to jurisdiction and venue, and waiver of service of process, shall be null and void *ab initio*.

9. This Court retains jurisdiction over Lexmark and DIRECT BILLING to the extent necessary to enforce the terms of this Stipulated Permanent Injunction, Consent Judgment, and Dismissal With Prejudice, as well as the Settlement Agreement, which is incorporated in its entirety herein by reference.

10. This Stipulated Permanent Injunction, Consent Judgment, and Dismissal With Prejudice shall be binding upon and shall inure to the benefit of Lexmark and DIRECT

BILLING, as well as each of their respective subsidiaries, corporate parents, affiliates, and/or successors and assigns.

   11. Nothing herein shall be construed as evidence or an admission of any alleged wrongdoing or liability by DIRECT BILLING or as evidence of infringement of any claims of the Lexmark Patents.

All claims between Lexmark and DIRECT BILLING are hereby dismissed with prejudice, with each party to bear its own costs and attorneys' fees.

Dated: September 14, 2011  By: _s/Michael R. Barrett_
           United States District Judge

HAVING BEEN SEEN AND AGREED TO ON SEPTEMBER 14, 2011:

By:

s/Steven B. Loy
P. Douglas Barr (Ohio Bar No. 20868)
Steven B. Loy
Anthony J. Phelps
STOLL KEENON OGDEN PLLC
300 West Vine Street, Suite 2100
Lexington, KY 40507
Telephone: (859) 231-3000
Facsimile: (859) 253-1093

William J. Hunter, Jr.
STOLL KEENON OGDEN PLLC
2000 PNC Plaza
500 West Jefferson Street
Louisville, KY 40202
Telephone: (502) 333-6000
Facsimile: (502) 333-6099

Timothy C. Meece
V. Bryan Medlock
Matthew P. Becker
Jason S. Shull
Neil C. Trueman
BANNER & WITCOFF LTD.
10 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 463-5000
*Attorneys for Plaintiff,*
*Lexmark International, Inc.*

s/Gary M. Hnath (w/permission by SBL)
Gary M. Hnath
Jeffrey C. Lowe
Mayer Brown LLP
1999 K Street, N.W.
Washington, D.C. 20006-1101

David G. Kern
Roetzel & Andress
250 East Fifth Street, Ste. 310
Cincinnati, OH 45202
*Attorneys for Defendant,*
*Direct Billing International Incorporated*