UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
CASE NO. 1:10-cv-00564-MRB


LEXMARK INTERNATIONAL, INC.
Plaintiff

v.

INK TECHNOLOGIES PRINTER SUPPLIES, LLC
*et al*
Defendants

### STIPULATED PERMANENT INJUNCTION, CONSENT JUDGMENT, AND DISMISSAL WITH PREJUDICE

This matter is before the Court on the stipulated motion of Plaintiff, Lexmark International, Inc. ("Lexmark") and Defendant ACM Technologies, Inc. ("ACM TECH") for entry of Stipulated Permanent Injunction, Consent Judgment and Dismissal With Prejudice, having agreed to a compromise and settlement of this action.

**IT IS HEREBY FOUND, ORDERED, ADJUDGED WITH CONSENT OF THE PARTIES** that:

1. ACM TECH, its parent, divisions, subsidiaries affiliates, successors and assigns and its directors, officers, and employees, or any of them are, or have been, in the business, among other things, of selling remanufactured and compatible toner cartridges in the United States and in foreign countries for use in Lexmark laser printers, including in the business, among other things, of manufacturing, remanufacturing, and/or refilling toner cartridges for use in Lexmark laser printers, including T630/632/634; T640/642/644; E120; E220; E230/232/234/238/240; E320/322; E321/323; E330/332; E340/342; and E250/350/352/450 laser printers (the "Accused Cartridges");

2.      Lexmark owns and has standing to sue for infringement of United States Patent Nos. 5,337,032; 5,634,169; 5,758,231; 5,758,233; 5,768,661; 5,802,432; 5,875,378; 5,995,772; 6,009,291; 6,078,771; 6,397,015; 6,459,876; 6,487,383; 6,496,662; 6,678,489; 6,816,692; 6,871,031; 6,879,792; 7,139,510; 7,233,760; and 7,305,204 (the "Lexmark Patents");

3.      The Lexmark Patents are valid and enforceable against ACM TECH.

4.      Lexmark manufactures and sells toner cartridges for its printer lines, which include T520/522; T610/612/614/616; T620/622; T630/632/634; T640/642/644; E120; E220; E230/232/234/238/240; E320/322; E321/323; E330/332; E340/342; and E250/350/352/450 laser printers ("Lexmark Toner Cartridges").

5.      The following table identifies the patent claims of the Lexmark Patents that are satisfied literally by the Lexmark Toner Cartridges:

| Patent | Lexmark Toner Cartridges | | | | | |
|---|---|---|---|---|---|---|
| | E120 | E23X/E24X/ E33X/E34X | E25X/ E35X/E45X | T52X/T61X/ T62X/T63X/T64X | E320/22 | E220 and E321/23 |
| 5,337,032 | | | | 1,5,6 | | |
| 5,634,169 | | | | 1-3,32-34, 36, 42 | 32,36,42 | 32,36,42 |
| 5,758,231 | | 1-16 | 1-16 | | 1-16 | 1-16 |
| 5,758,233 | | | | 1-4 | | |
| 5,768,661 | | | | 1,2,3,6 | | |
| 5,802,432 | | | | 1-3, 7-9 | | |
| 5,875,378 | | | | 1-3,12-14,24 | | |
| 5,995,772 | | | | 1-3,5,7-9, 12,14-18,20,21 | 14,15,22, 32-34 | 14,15,22, 32-34 |
| 6,009,291 | 1-2 | 1-2 | 1-2 | 1-2 | | |
| 6,078,771 | 1,5,6,10, 12,13,15 | 1,5,6,10, 12,13,15 | 1,5,6,10, 12,13,15 | 1,2,5,6,10, 12,13,15 | | |
| 6,397,015 | | | | 1-4,7-12, 14-19,22-24 | 1,2,4, 9,17,19 | 1,2,4, 9,17,19 |
| 6,459,876 | | | | 1-28 | | |
| 6,487,383 | 1,2,6, | 1,2,6, | 1,2,6, | 1,2,6,10, | 19 | 19 |

| Patent | Lexmark Toner Cartridges | | | | | |
|---|---|---|---|---|---|---|
| | E120 | E23X/E24X/ E33X/E34X | E25X/ E35X/E45X | T52X/T61X/ T62X/T63X/T64X | E320/22 | E220 and E321/23 |
| | 10,15,19 | 10,15,19 | 10,15,19 | 11,15,19 | | |
| 6,496,662 | | 1,3,5,7 | 1,3,5,7 | | | |
| 6,678,489 | | 5-6 | 5-6 | | | |
| 6,816,692 | 1-13 | 1-13 | 1-13 | | | |
| 6,871,031 | | 1-6,8-12 | 1-6,8-12 | | | |
| 6,879,792 | | 1-11 | 1-11 | | | |
| 7,139,510 | | 1-10 | 1-10 | | | |
| 7,233,760 | 11,12,14 | 11,12,14 | 11,12,14 | | | |
| 7,305,204 | | 1-20 | 1-8,10-13 | | | |

6.      The use, remanufacture, offer to sell or sale by anyone other than Lexmark of any remanufactured Lexmark Toner Cartridges that were originally sold outside the United States constitutes an infringement the above-identified claims in the Lexmark Patents.

7.      ACM TECH's importation and/or sale in the United States of (i) compatible cartridges suitable for use in E120; E220; E230/232/234/238/240; E320/322; E321/323; E330/332; E340/342; and E250/350/352/450 laser printers has been alleged by Lexmark to infringe at least the claims of the patents set forth in the table below; and (ii) remanufactured and/or refilled E120; E220; E230/232/234/238/240; E320/322; E321/323; E330/332; E340/342; and E250/350/352/450 laser printers toner cartridges first sold outside of the United States infringe at least the claims of the patents set forth in the table below:

| Patents- in-Suit | ACM TECH Toner Cartridges | | | | | |
|---|---|---|---|---|---|---|
| | E120 | E23x/E24x/ E33x/E34x | E25x/ E35x/E45x | T61x/T62x/ T63x/T64x | E320/ E322 | E220 and E321/E323 |
| 5,337,032 | | | | 1 | | |
| 5,634,169 | | | | 1-3,32-34, 36,42 | 32,36,42 | 32,36,42 |

| Patents-in-Suit | ACM TECH Toner Cartridges | | | | | |
|---|---|---|---|---|---|---|
| | E120 | E23x/E24x/E33x/E34x | E25x/E35x/E45x | T61x/T62x/T63x/T64x | E320/E322 | E220 and E321/E323 |
| 5,758,231 | | | | 1-16[1] | | |
| 5,758,233 | | | | 1-4 | | |
| 5,768,661 | | | | 1,2, 3, 6 | | |
| 5,802,432 | | | | 1-3, 7-9 | | |
| 5,875,378 | | | | 1-3,12-14,24 | | |
| 5,995,772 | | | | 1-3,5,7-9,12, 14-18,20,21 | 14,15,22,32 | 14,15,22,32 |
| 6,009,291 | | | | 1,2 | | |
| 6,078,771 | 1,5,6,10, 12,13,15 | 1,5,6,10, 12,13,15 | 1,5,6,10, 12,13,15 | 1,2,5,6,10, 12,13,15 | | |
| 6,397,015 | | | | 1,2,7,10,11, 14,15,17,22,24 | 1,2,17,19 | 1,2,17,19 |
| 6,459,876 | | | | 1-3,28 | | |
| 6,487,383 | | | | 1,2,6,10,11,15,19[2] | | |
| 6,496,662 | | | 1,3,5,7 | | | |
| 6,678,489 | | 5-6 | 5-6 | | | |
| 6,816,692 | 1-3,5,7, 8,10,13 | | | | | |
| 6,871,031 | | 1,3,5,8,10 | 1,3,5,8,10 | | | |
| 6,879,792 | | 1-11 | 1-11 | | | |
| 7,139,510 | | | 1,6 | | | |
| 7,233,760 | | | 1-10 | | | |
| 7,305,204 | | 1,7,14,15 | 1,7 | | | |

8.     Except as permitted in Paragraphs 9 and 10, this Court permanently enjoins ACM TECH as well as those persons or companies in active concert or participation with ACM TECH who receive actual notice of the order by personal service or otherwise from making, using, selling, offering for sale or importing into the United States Accused Cartridges that infringe any of the above-identified patent claims or are not colorably different from the Accused Cartridges.

---

[1] With respect to the T63x and T64x cartridges only.

[2] Claim 19 only with respect to the T64x cartridges.

9.      Pursuant to the terms set forth in the parties Settlement Agreement, the ACM TECH may have a period of no longer than six months starting from October 24, 2011, to sell its existing inventory of Accused Cartridges that were physically located in the United States as of October 24, 2011.

10.     Nothing herein limits or shall be construed to limit in any way ACM TECH's activities with respect to toner cartridges in which Lexmark's patent rights have been exhausted. Further, nothing herein limits or shall be construed to limit in any way ACM TECH's activities with respect to any Lexmark Patents that have expired, lapsed, are no longer enforceable, or have found to be invalid by a court of competent jurisdiction. Finally, nothing herein limits or shall be construed to limit in any way ACM TECH's activities outside the United States.

11.     Contingent upon this Court's entry of this Order, ACM TECH consents to personal jurisdiction by this Court, consents to venue in this District, and waives services of process for this action.

12.     This Court retains jurisdiction over Lexmark and ACM TECH to the extent necessary to enforce the terms of this Stipulated Permanent Injunction, Consent Judgment, and Dismissal With Prejudice.

13.     This Stipulated Permanent Injunction, Consent Judgment, and Dismissal With Prejudice shall be binding upon and shall inure to the benefit of Lexmark and ACM TECH as well as each of its respective subsidiaries, corporate parents, affiliates, and/or successors and assigns.

14.     All claims between Lexmark and ACM TECH are hereby dismissed with prejudice, with each party to bear its own costs and attorneys' fees.

Dated: <u>November 17, 2011</u>    By:  <u>s/Michael R. Barrett</u>
                                    United States District Court Judge

HAVING BEEN SEEN AND AGREED TO ON NOVEMBER 15, 2011:

By:

<u>s/Steven B. Loy</u>
P. Douglas Barr (Ohio Bar No. 20868)
Steven B. Loy
Anthony J. Phelps
STOLL KEENON OGDEN PLLC
300 West Vine Street, Suite 2100
Lexington, KY 40507
Telephone: (859) 231-3000
Facsimile: (859) 253-1093

William J. Hunter, Jr.
STOLL KEENON OGDEN PLLC
2000 PNC Plaza
500 West Jefferson Street
Louisville, KY 40202
Telephone: (502) 333-6000
Facsimile: (502) 333-6099

Timothy C. Meece
V. Bryan Medlock
Matthew P. Becker
Jason S. Shull
Neil C. Trueman
BANNER & WITCOFF LTD.
10 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 463-5000
*Attorneys for Plaintiff,*
*Lexmark International, Inc.*

s/Gary M. Hnath (w/permission by SBL)
Gary M. Hnath
Jeffrey C. Lowe
Mayer Brown LLP
1999 K Street, N.W.
Washington, D.C. 20006-1101

David G. Kern
Roetzel & Andress
250 East Fifth Street, Ste. 310
Cincinnati, OH 45202
*Attorneys for Defendant,*
*ACM Technologies, Inc.*