**EXHIBIT 1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
CASE NO. 1:10-cv-00564-MRB

LEXMARK INTERNATIONAL, INC.
Plaintiff

v.

INK TECHNOLOGIES PRINTER SUPPLIES, LLC
*et al*
Defendants

### STIPULATED PERMANENT INJUNCTION, CONSENT JUDGMENT, AND DISMISSAL WITH PREJUDICE

This matter is before the Court on the stipulated motion of Plaintiff, Lexmark International, Inc. ("Lexmark") and John Doe Defendant Wal Group LLC, having a place of business at 227 North Sunset Avenue, City of Industry, CA 91744 ("Wal Group"), for entry of Stipulated Permanent Injunction, Consent Judgment and Dismissal With Prejudice, having agreed to a compromise and settlement of this action.

**IT IS HEREBY FOUND, ORDERED, ADJUDGED WITH CONSENT OF THE PARTIES** that:

1. Lexmark is in the business of developing, manufacturing and selling laser printers and toner cartridges—including corresponding versions thereof made by Lexmark under private label for Dell, IBM, Toshiba, Nashuatec, Unisys, and Source Technologies, including toner cartridges for Lexmark's T420; T520/522; T610/612/614/616; T620/622; T630/632/634; T640/642/644; E120; E220; E230/232/234/238/240; E320/322; E321/323; E330/332; E340/342; and

E250/350/352/450 laser printers as well as the private-label versions thereof (collectively, "the Toner Cartridges").

2. Lexmark owns and has standing to sue for infringement of United States Patent Nos. 5,337,032; 5,634,169; 5,758,231; 5,758,233; 5,768,661; 5,802,432; 5,875,378; 5,995,772; 6,009,291; 6,078,771; 6,397,015; 6,459,876; 6,487,383; 6,496,662; 6,678,489; 6,816,692; 6,871,031; 6,879,792; 7,139,510; 7,233,760; and 7,305,204 (the "Lexmark Patents").

3. Wal Group, its parent, divisions, subsidiaries, affiliates, successors and assigns and its directors, officers, and employees, or any of them is in the business, among other things, of importing and/or selling remanufactured Toner Cartridges in which rights in the Lexmark Patent rights were not exhausted, compatible versions of the Toner Cartridges, and/or clones of the Toner Cartridges (collectively, "the Accused Cartridges").

4. The Lexmark Patents are valid and enforceable against Wal Group.

5. The following table identifies the patent claims of the Lexmark Patents that are satisfied literally by the Toner Cartridges and the Accused Cartridges:

| Patent | Toner Cartridges / Accused Cartridges | | | | | |
|---|---|---|---|---|---|---|
| | E120 | E23X/E24X/ E33X/E34X | E25X/ E35X/E45X | T52X/T61X/ T62X/T63X/T64X | E320/22 | E220 and E321/23 |
| 5,337,032 | | | | 1,5,6 | | |
| 5,634,169 | | | | 1-3,32-34, 36, 42 | 32,36,42 | 32,36,42 |
| 5,758,231 | | 1-16 | 1-16 | | 1-16 | 1-16 |
| 5,758,233 | | | | 1-4 | | |
| 5,768,661 | | | | 1,2,3,6 | | |
| 5,802,432 | | | | 1-3, 7-9 | | |
| 5,875,378 | | | | 1-3,12-14,24 | | |
| 5,995,772 | | | | 1-3,5,7-9, 12,14-18,20,21 | 14,15,22, 32-34 | 14,15,22, 32-34 |
| 6,009,291 | 1-2 | 1-2 | 1-2 | 1-2 | | |

2

| Patent | Toner Cartridges / Accused Cartridges | | | | | |
|---|---|---|---|---|---|---|
| | E120 | E23X/E24X/ E33X/E34X | E25X/ E35X/E45X | T52X/T61X/ T62X/T63X/T64X | E320/22 | E220 and E321/23 |
| 6,078,771 | 1,5,6,10, 12,13,15 | 1,5,6,10, 12,13,15 | 1,5,6,10, 12,13,15 | 1,2,5,6,10, 12,13,15 | | |
| 6,397,015 | | | | 1-4,7-12, 14-19,22-24 | 1,2,4, 9,17,19 | 1,2,4, 9,17,19 |
| 6,459,876 | | | | 1-28 | | |
| 6,487,383 | 1,2,6, 10,15,19 | 1,2,6, 10,15,19 | 1,2,6, 10,15,19 | 1,2,6,10, 11,15,19 | 19 | 19 |
| 6,496,662 | | 1,3,5,7 | 1,3,5,7 | | | |
| 6,678,489 | | 5-6 | 5-6 | | | |
| 6,816,692 | 1-13 | 1-13 | 1-13 | | | |
| 6,871,031 | | 1-6,8-12 | 1-6,8-12 | | | |
| 6,879,792 | | 1-11 | 1-11 | | | |
| 7,139,510 | | 1-10 | 1-10 | | | |
| 7,233,760 | 11,12,14 | 11,12,14 | 11,12,14 | | | |
| 7,305,204 | | 1-20 | 1-8,10-13 | | | |

6. The importation, use, remanufacture, manufacture, offer to sell or sale by anyone other than Lexmark of any Toner Cartridge that was originally sold outside the United States constitutes an infringement the above-identified claims in the Lexmark Patents.

7. The importation, use, remanufacture, manufacture, offer to sell or sale by anyone other than Lexmark of any Toner Cartridge in the United States under which Lexmark's Patent rights were not exhausted constitutes an infringement the above-identified claims in the Lexmark Patents.

8. Except for any cartridge in which Lexmark's Patent rights have been exhausted, this Court permanently enjoins Wal Group as well as those persons or companies in active concert or participation with Wal Group who receive actual notice of the order by personal service or otherwise from making, using, selling, offering for sale

3

or importing into the United States Accused Cartridges that infringe any of the above-identified patent claims or are not colorably different from the Accused Cartridges.

9. Nothing herein limits or shall be construed to limit in any way Wal Group's activities with respect to toner cartridges in which Lexmark's patent rights have been exhausted. Further, nothing herein limits or shall be construed to limit in any way Wal Group's activities with respect to any Lexmark Patents that have expired, lapsed, are no longer enforceable, or have found to be invalid by a court of competent jurisdiction.

10. Wal Group represents and warrants that, in addition to the Accused Cartridges that it imported within the past six (6) years from Greentec, Wal Group has disclosed to Lexmark the quantity and type of all Accused Cartridges that it made, used, sold, offered for sale, or imported into the United States.

11. Wal Group consents to personal jurisdiction by this Court, consents to venue in this District, and waives services of process for this action.

12. This Court retains jurisdiction over Lexmark and Wal Group to the extent necessary to enforce the terms of this Stipulated Permanent Injunction, Consent Judgment, and Dismissal With Prejudice and the agreement between the parties.

13. Wal Group agrees to pay Lexmark a monthly, settlement amount on the terms to which the parties confidentially agreed. If Wal Group defaults on any of its monthly settlement payments, the remaining principal sum then unpaid shall become immediately due and payable and Lexmark make seek recourse from this Court.

14. This Stipulated Permanent Injunction, Consent Judgment, and Dismissal With Prejudice shall be binding upon and shall inure to the benefit of Lexmark and Wal

Group as well as each of its respective subsidiaries, corporate parents, affiliates, and/or successors and assigns.

15. All claims between Lexmark and Wal Group are hereby dismissed with prejudice, with each party to bear its own costs and attorneys' fees.

Dated: August 27, 2012   By: s/ Michael R. Barrett
                                                  United States District Court Judge

HAVING BEEN SEEN AND AGREED TO ON AUGUST 11, 2012:

By: _____

P. Douglas Barr (Ohio Bar No. 20868)
Steven B. Loy
Anthony J. Phelps
STOLL KEENON OGDEN PLLC
300 West Vine Street, Suite 2100
Lexington, KY 40507
Telephone: (859) 231-3000
Facsimile: (859) 253-1093

William J. Hunter, Jr.
STOLL KEENON OGDEN PLLC
2000 PNC Plaza
500 West Jefferson Street
Louisville, KY 40202
Telephone: (502) 333-6000
Facsimile: (502) 333-6099

Timothy C. Meece
V. Bryan Medlock
Matthew P. Becker
Jason S. Shull
BANNER & WITCOFF LTD.
10 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 463-5000

*Attorneys for Plaintiff,*
*Lexmark International, Inc.*

_____

Xiaochuan Wen
Wal Group LLC
Corporate Headquarters
227 North Sunset Avenue
City of Industry, CA 91744

6