UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
CASE NO. 1:10-cv-00564-MRB

LEXMARK INTERNATIONAL, INC.
Plaintiff

v.

INK TECHNOLOGIES PRINTER SUPPLIES, LLC
*et al*
Defendants

## STIPULATED PERMANENT INJUNCTION, CONSENT JUDGMENT, AND DISMISSAL WITH PREJUDICE

This matter is before the Court on the stipulated motion of Plaintiff, Lexmark International, Inc. ("Lexmark") and John Doe Defendant Fanelli Boys, Inc., which has a place of business at 656 7th Street, Parkersburg, West Virginia 26101 ("Fanelli"), for entry of Stipulated Permanent Injunction, Consent Judgment and Dismissal With Prejudice, having agreed to a compromise and settlement of this action.

**IT IS HEREBY FOUND, ORDERED, ADJUDGED WITH CONSENT OF THE PARTIES** that:

1. Lexmark is in the business of developing, manufacturing and selling laser printers and toner cartridges—including corresponding versions thereof made by Lexmark under private label for Dell, IBM, Toshiba, Nashuatec, Unisys, and Source Technologies, including toner cartridges for Lexmark's T420; T520/522; T610/612/614/616; T620/622; T630/632/634; T640/642/644; E120; E220; E230/232/234/238/240; E320/322; E321/323; E330/332; E340/342; and

1

**EXHIBIT 1**

E250/350/352/450 laser printers as well as the private-label versions thereof (collectively, "the Toner Cartridges").

2. Lexmark owns and has standing to sue for infringement of United States Patent Nos. 5,337,032; 5,634,169; 5,758,231; 5,758,233; 5,768,661; 5,802,432; 5,875,378; 5,995,772; 6,009,291; 6,078,771; 6,397,015; 6,459,876; 6,487,383; 6,496,662; 6,678,489; 6,816,692; 6,871,031; 6,879,792; 7,139,510; 7,233,760; and 7,305,204 (the "Lexmark Patents").

3. Fanelli, its parent, divisions, subsidiaries, affiliates, successors and assigns and its directors, officers, and employees, or any of them is in the business, among other things, of importing and/or selling remanufactured Toner Cartridges in which rights in the Lexmark Patent rights were not exhausted, compatible versions of the Toner Cartridges, and/or clones of the Toner Cartridges (collectively, "the Accused Cartridges").

4. The Lexmark Patents are valid and enforceable against Fanelli.

5. The following table identifies the patent claims of the Lexmark Patents that are satisfied literally by the Toner Cartridges and the Accused Cartridges:

| Patent | Toner Cartridges / Accused Cartridges | | | | | |
|---|---|---|---|---|---|---|
| | E120 | E23X/E24X/E33X/E34X | E25X/E35X/E45X | T52X/T61X/T62X/T63X/T64X | E320/22 | E220 and E321/23 |
| 5,337,032 | | | | 1,5,6 | | |
| 5,634,169 | | | | 1-3,32-34, 36, 42 | 32,36,42 | 32,36,42 |
| 5,758,231 | | 1-16 | 1-16 | | 1-16 | 1-16 |
| 5,758,233 | | | | 1-4 | | |
| 5,768,661 | | | | 1,2,3,6 | | |
| 5,802,432 | | | | 1-3, 7-9 | | |
| 5,875,378 | | | | 1-3,12-14,24 | | |
| 5,995,772 | | | | 1-3,5,7-9, 12,14-18,20,21 | 14,15,22, 32-34 | 14,15,22, 32-34 |
| 6,009,291 | 1-2 | 1-2 | 1-2 | 1-2 | | |

2

| Patent | Toner Cartridges / Accused Cartridges | | | | | |
|---|---|---|---|---|---|---|
| | E120 | E23X/E24X/ E33X/E34X | E25X/ E35X/E45X | T52X/T61X/ T62X/T63X/T64X | E320/22 | E220 and E321/23 |
| 6,078,771 | 1,5,6,10, 12,13,15 | 1,5,6,10, 12,13,15 | 1,5,6,10, 12,13,15 | 1,2,5,6,10, 12,13,15 | | |
| 6,397,015 | | | | 1-4,7-12, 14-19,22-24 | 1,2,4, 9,17,19 | 1,2,4, 9,17,19 |
| 6,459,876 | | | | 1-28 | | |
| 6,487,383 | 1,2,6, 10,15,19 | 1,2,6, 10,15,19 | 1,2,6, 10,15,19 | 1,2,6,10, 11,15,19 | 19 | 19 |
| 6,496,662 | | 1,3,5,7 | 1,3,5,7 | | | |
| 6,678,489 | | 5-6 | 5-6 | | | |
| 6,816,692 | 1-13 | 1-13 | 1-13 | | | |
| 6,871,031 | | 1-6,8-12 | 1-6,8-12 | | | |
| 6,879,792 | | 1-11 | 1-11 | | | |
| 7,139,510 | | 1-10 | 1-10 | | | |
| 7,233,760 | 11,12,14 | 11,12,14 | 11,12,14 | | | |
| 7,305,204 | | 1-20 | 1-8,10-13 | | | |

6. The importation, use, remanufacture, manufacture, offer to sell or sale by anyone other than Lexmark of any Toner Cartridge that was originally sold outside the United States constitutes an infringement the above-identified claims in the Lexmark Patents.

7. The importation, use, remanufacture, manufacture, offer to sell or sale by anyone other than Lexmark of any Toner Cartridge in the United States under which Lexmark's Patent rights were not exhausted constitutes an infringement the above-identified claims in the Lexmark Patents.

8. Except for any cartridge in which Lexmark's Patent rights have been exhausted, this Court permanently enjoins Fanelli as well as those persons or companies in active concert or participation with Fanelli who receive actual notice of the order by personal service or otherwise from making, using, selling, offering for sale or importing

3

into the United States Accused Cartridges that infringe any of the above-identified patent claims or are not colorably different from the Accused Cartridges.

9. Nothing herein limits or shall be construed to limit in any way Fanelli's activities with respect to toner cartridges in which Lexmark's patent rights have been exhausted. Further, nothing herein limits or shall be construed to limit in any way Fanelli's activities with respect to any Lexmark Patents that have expired, lapsed, are no longer enforceable, or have found to be invalid by a court of competent jurisdiction.

10. Fanelli represents and warrants that it has disclosed to Lexmark the quantity and type of all Accused Cartridges that it imported into the United States.

11. Fanelli consents to personal jurisdiction by this Court, consents to venue in this District, and waives services of process for this action.

12. This Court retains jurisdiction over Lexmark and Fanelli to the extent necessary to enforce the terms of this Stipulated Permanent Injunction, Consent Judgment, and Dismissal With Prejudice and the agreement between the parties.

13. This Stipulated Permanent Injunction, Consent Judgment, and Dismissal With Prejudice shall be binding upon and shall inure to the benefit of Lexmark and Fanelli as well as each of its respective subsidiaries, corporate parents, affiliates, and/or successors and assigns.

14. All claims between Lexmark and Fanelli are hereby dismissed with prejudice, with each party to bear its own costs and attorneys' fees.

Dated: December 20, 2012 By: s/ Michael R. Barrett
United States District Court Judge

HAVING BEEN SEEN AND AGREED TO ON ~~OCTOBER~~ December 10, 2012:

By:

P. Douglas Barr (Ohio Bar No. 20868)
Steven B. Loy
Anthony J. Phelps
STOLL KEENON OGDEN PLLC
300 West Vine Street, Suite 2100
Lexington, KY 40507
Telephone: (859) 231-3000
Facsimile: (859) 253-1093

William J. Hunter, Jr.
STOLL KEENON OGDEN PLLC
2000 PNC Plaza
500 West Jefferson Street
Louisville, KY 40202
Telephone: (502) 333-6000
Facsimile: (502) 333-6099

Timothy C. Meece
V. Bryan Medlock
Matthew P. Becker
Jason S. Shull
BANNER & WITCOFF LTD.
10 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 463-5000

*Attorneys for Plaintiff,*
*Lexmark International, Inc.*

John Fanelli / President
Fanelli Boys, Inc.
13191 56 Court North
Suite 102
Clearwater, FL 33760