UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LEXMARK INTERNATIONAL, INC.  CASE NO.: 1:10-cv-564

    Plaintiff,  Judge Michael R. Barrett

  v.

INK TECHNOLOGIES PRINTER SUPPLIES,
LLC, et al.,

    Defendants.

## OPINION AND ORDER

This matter is before the Court on Plaintiff Lexmark International, Inc.'s Renewed Motion and Memorandum in Support for Permission to Serve the Foreign Defendants Through Alternative Means Pursuant to Federal Rule of Civil Procedure 4(f)(3).  (Doc. 377).  In the motion, Plaintiff seeks permission to serve the following four Defendants by alternative means:  (a) Eco Service China Ltd. located in China; (b) Shanghai Orink InfoTech International Co., Ltd. located in China; (c) Zhuhai Richeng Development Co., Ltd. located in China; and (d) Interseroh Product Cycle GmbH located in Germany.  As those Foreign Defendants have not appeared in the matter, no response in opposition has been filed on their behalf.

**I.**    **BRIEF PROCEDURAL BACKGROUND**

Plaintiff previously filed a motion pursuant to Federal Rule of Civil Procedure 4(f)(3) requesting authorization to serve certain defendants located outside the United States with the Summons and First Amended Complaint by email and/or international courier.  The Court granted in part and denied in part the motion for alternative service.

1

As is relevant to the Renewed Motion, the Court denied service via email on each of the four Defendants because it was not convinced that service via email was reasonably calculated to reach those defendants or that the circumstances of this case warranted such alternative service. Plaintiff now renews its request to serve three Defendants in China and Germany via email, and to serve Zhuhai Richeneng Development Company, Ltd. via email and, alternatively, via its U.S.-based agent, ECOI US Supplies, Inc.

**II.    ANALYSIS**

Federal Rule of Civil Procedure 4(h) governs international service of process on foreign businesses. Specifically, Rule 4(h)(2) authorizes service of process on a foreign business in the same "manner prescribed by Rule 4(f) for serving an individual, except personal delivery . . . ." Fed. R. Civ. P. 4(h)(2).

Federal Rule of Civil Procedure 4(f) provides three methods for service. Of relevance here is Rule 4(f)(3), which permits service by "other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). As explained in the Court's prior Opinion and Order, there are only two requirements for service under Rule 4(f)(3), which are (1) it must be directed by the court, and (2) it must not be prohibited by international agreement. *See Popular Enters., LLC v. Webcom Media Grp., Inc.*, 225 F.R.D. 560, 561 (E.D. Tenn. 2004). Rule 4(f)(3) is "neither a 'last resort' nor extraordinary relief.' It is merely one means among several which enables service of process on an international defendant." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). However, the chosen method must comport with constitutional notions of due process, namely that the service of process be "reasonably calculated, under all the circumstances, to apprize interested parties of the pendency of

the action and afford them an opportunity to present their objections." *Studio A. Entm't, Inc. v. Active Distribs., Inc.*, No. 1:06cv2496, 2008 U.S. Dist. LEXIS 5883, at *8 (N.D. Ohio Jan. 15, 2008).  The Court also must determine that the facts and circumstances of the case warrant the exercise of its discretion to order alternative service.  *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nig.*, 265 F.R.D. 106, 115 (S.D.N.Y. 2010) ("'The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court.'") (quoting *RSM Prod. Corp. v. Fridman*, No. 06 Civ 11512, 2007 U.S. Dist. LEXIS 37713 (S.D.N.Y. May 24, 2007)).

China and Germany are signatories to the Hague Convention.  *See* Convention done at the Hague Nov. 15, 1965, art. 10(a), 20 U.S.T. 361, 658 U.N.T.S. 163, C.T.S. 1989/2.  Various courts have agreed that service by email is not prohibited by the Hague Convention.  *See Williams-Sonoma Inc. v. Friendfinder, Inc.*, No. C 06-06572, 2007 U.S. Dist. LEXIS 31299, at *4-5 (N.D. Cal. Apr. 17, 2007); *see also Facebook, Inc. v. Banana Ads, LLC*, No. C-11-3619, 2012 U.S. Dist. LEXIS 42160, at *6-7 (N.D. Cal. Mar. 27, 2012) (citing cases where court held that service by email did not violate the Hague Convention).  Email service has been approved even where, as here, the country objects to Article 10 of the Hague Convention.  *See Fed. Trade Comm'n v. PCCare247, Inc.*, No. 12 Civ. 7189, 2013 U.S. Dist. LEXIS 31969, at *11 (S.D.N.Y. Mar. 7, 2013) (citing *Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011); *Philip Morris USA Inc. v. Veles Ltd.*, No. Civ. 2988 (GBD), 2007 U.S. Dist. LEXIS 19780 (S.D.N.Y. Mar. 12, 2007)); *see also Facebook, Inc.*, 2012 U.S. Dist. LEXIS 42160, at *6-7 (citing

cases where court held that service by email did not violate the Hague Convention).  As such, a court may order service by email, where appropriate.

Likewise, courts have permitted service on defendants located in China via their U.S.-based subsidiaries and counsel.  *In re Cathode Ray Tube (CRT Antitrust Litig.)*, MDL No. 1917, 2008 U.S. Dist. LEXIS 111384, at *32-33 (N.D. Cal. Sept. 3, 2008) (citing *Volkswagenwerk Akiengesellschaft v. Schlunk*, 489 U.S. 694, 707 (1988)); *see also Drew Techs., Inc. v. Robert Bosch, L.L.C.*, No. 12-15622, 2013 U.S. Dist. LEXIS 59173, at *4 (E.D. Mich. Apr. 25, 2013).

Plaintiff's renewed motion provides the Court with sufficient information from which the Court can determine that the requested alternative service by email and via a U.S.-based agent is reasonably calculated to reach those Defendants.  Eco Service China, Ltd. (China), Interseroh Product Cycle GmbH (Germany), Shanghai Orink InfoTech International Co., Ltd., and Zhuhai Richeng Development Co., Ltd. are business entities with websites on which they provide email addresses where they may be contacted.  Plaintiff also has demonstrated that it has verified that each of the email addresses at which it seeks to serve those Defendants is valid, and that communication has occurred with a representative of the respective Defendant at those email addresses.

As for alternative service on ECOI US Supplies, Inc., Plaintiff has demonstrated that it is an agent and parent company of Zhuhai Richeng Development Co., Ltd., that it has the same principal as Richeng, that it shares a website with Richeng, and that it has a U.S.-based agent for service of process in California.  As such, the Court is

4

persuaded that service of process on ECOI US Supplies, Inc., the domestic agent of Zhuhai Richeng Development Co., Ltd., comports with due process.

Plaintiff also has shown that the circumstances of the case warrant alternative service.  This case has been pending for approximately three years, and the Court is well aware of the difficulties encountered by Plaintiff attempting to locate all of the Defendants in this matter.  Plaintiff has demonstrated that service on the Chinese entities could be further delayed by more than four months if formal service pursuant to the Hague Convention is required.  Plaintiff also has demonstrated that other business entities have evaded enforcement efforts by effectively disappearing such that any further delay may prejudice Plaintiff's ability to obtain relief.

Accordingly, the Court finds that this case warrants the exercise of its discretion to order alternative service under Rule 4(f)(3) on the four Defendants that are the subject of Plaintiff's Renewed Motion.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff's Renewed Motion (Doc. 377) is hereby **GRANTED**.  It is **ORDERED** that Plaintiff is authorized to serve the following Defendants with the Summons and First Amended Complaint as set forth below:

| Defendant | Alternative Means of Service |
| --- | --- |
| Eco Service China Ltd. | Via e-mail to:<br>rozel@ecos.com.pl,<br>jkung@ecos.com.pl,<br>and<br>btan@ecos.com.pl |
| Shanghai Orink InfoTech International Co., Ltd. | Via e-mail to:<br>sales@orink.com,<br>and<br>jonathan@orink.com |

5

|  |  |
|---|---|
| Zhuhai Richeng Development Co., Ltd. | Via e-mail to: sales@richeng.com.cn and sales5@ecoi.com.cn<br><br>Via its U.S. based agent, ECOI US Supplies, Inc. |
| Intersoh Product Cycle GmbH | Via e-mail to: info-product-cycle@intersoh.com and anita.meyer@intersoh.com |

**IT IS SO ORDERED.**

                                                s/ Michael R. Barrett
                                                Michael R. Barrett, Judge
                                                United States District Court