UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
CASE NO. 1:10-cv-00564-MRB

LEXMARK INTERNATIONAL, INC.
Plaintiff

v.

INK TECHNOLOGIES PRINTER SUPPLIES, LLC
*et al*
Defendants

**STIPULATED PERMANENT INJUNCTION AND CONSENT JUDGMENT**

This matter is before the Court on the stipulated motion of Plaintiff, Lexmark International, Inc. ("Lexmark") and Precision Printer Services ("Precision Printer"), having a place of business at 9185 Portage Industrial Dr., Portage, MI 49024, for entry of Stipulated Permanent Injunction and Consent Judgment, having agreed to a compromise and settlement of this action.

**IT IS HEREBY FOUND, ORDERED, ADJUDGED WITH CONSENT OF THE PARTIES** that:

1. Lexmark is in the business of developing, manufacturing and selling laser printers and toner cartridges including toner cartridges for use in Lexmark E120, Lexmark E220, Lexmark E230, Lexmark E232, Lexmark E234, Lexmark E238, Lexmark E240, Lexmark E250, Lexmark E260, Lexmark E320, Lexmark E322, Lexmark E321, Lexmark E323, Lexmark E330, Lexmark E332, Lexmark E340, Lexmark E342, Lexmark E350, Lexmark E352, Lexmark E360, Lexmark E450, Lexmark E460, Lexmark E460, Lexmark T520, Lexmark T522, Lexmark X520, Lexmark X522, Lexmark T610, Lexmark T612, Lexmark T614, Lexmark T616, Lexmark T620, Lexmark T622, Lexmark

7

X620, Lexmark T630, Lexmark T632, Lexmark T634, Lexmark T640, Lexmark T642, Lexmark T644, Lexmark T650, Lexmark T652, Lexmark T654, Lexmark T656, Lexmark X650, Lexmark X651, Lexmark X652, Lexmark X653, Lexmark X654, Lexmark X655, Lexmark X656, Dell 1700, Dell 1700N, Dell 1710, Dell 1720, Dell 2230, Dell 2330, Dell 235 Technologies 0, Dell 3330, Dell 3333, Dell 3335, Dell 5200, Dell 5210, Dell 5300, Dell 5310, Dell 5230, Dell 5350, Dell 5530, Dell 5535, Dell E220, IBM 1116, IBM 1312, IBM 1412, IBM 1512, IBM 1512N, IBM InfoPrint 1120, IBM InfoPrint 1125, IBM Infoprint 1130, IBM Infoprint 1140, IBM InfoPrint 1332, IBM Infoprint 1352, IBM Infoprint 1372, IBM InfoPrint 1532, IBM Infoprint 1552, IBM Infoprint 1572, IBM Infoprint 1832, IBM Infoprint 1850, IBM Infoprint 1852, IBM Infoprint 1860, IBM Infoprint 1870, IBM Infoprint 1872, IBM Infoprint 1880, IBM Infoprint 1892, InfoPrint 1601, InfoPrint 1602, InfoPrint 1612, InfoPrint 1622, Infoprint 1822, IBM Infoprint 1823, IBM Infoprint 1930, IBM Infoprint 1940, Lenovo LI3900, LG 3510, LG 3350, LG 3850, LG 4010, Nashuatec P6220, Nashuatec P6225, Nashuatec P6230, Nashuatec 6240, Okidata MB780, Okidata MB790, Okidata 5500, Okidata 7180, Okidata 7190, Ricoh Afficio SP 4400, Ricoh Afficio SP 4410, Ricoh Afficio SP 4420, Sindoricoh 5000, Sindoricoh 5005, Sindoricoh 5050, Sindoricoh 4450, Sindoricoh 4550, Sindoricoh 4555, Sindoricoh 5450, Sindoricoh 5550, Source Technologies 9116, Source Technologies 9130, Source Technologies 9140, Source Technologies 9325, Source Technologies 9335, Source Technologies 9340, Source Technologies 9530n, Source Technologies 9550, Source Technologies 9552, Source Technologies 9630, Source Technologies 9650, Source Technologies 9620, Source Technologies 9622, Source Technologies ST 9120, Source Technologies 9125, Toshiba e-Studio 20P, Toshiba e-Studio 25P, Toshiba e-

Studio 30P, Toshiba e-Studio 40P, Toshiba e-Studio 400P, Toshiba e-Studio430, Toshiba e-Studio 530, Toshiba e-Studio 450P, Toshiba e-Studio 500P, Toshiba e-Studio 500P, Unisys 134, Unisys 136, Unisys UDS 130, Unisys UDS 132, Unisys UDS 640n, Unisys UDS 650n, Unisys UDS 140, Unisys UDS 142, Unisys UDS 540n, Unisys UDS 544n, Unisys UDS 630, and Unisys UDS 635dn laser printers (collectively, "the Toner Cartridges").

2. Lexmark owns and has standing to sue for infringement of United States Patent Nos. 5,337,032; 5,634,169; 5,758,231; 5,758,233; 5,768,661; 5,802,432; 5,875,378; 5,995,772; 6,009,291; 6,078,771; 6,397,015; 6,459,876; 6,487,383; 6,496,662; 6,678,489; 6,816,692; 6,871,031; 6,879,792; 7,139,510; 7,233,760; and 7,305,204 (the "Lexmark Patents").

3. Precision Printer, its parent, divisions, subsidiaries, affiliates, successors and assigns and its directors, officers, and employees, or any of them is in the business, among other things, of importing and/or selling remanufactured Toner Cartridges in which rights in the Lexmark Patent rights were not exhausted, compatible versions of the Toner Cartridges, and/or clones of the Toner Cartridges (collectively, "the Accused Cartridges").

4. The Lexmark Patents are valid and enforceable against Precision Printer.

5. The following table identifies the patent claims of the Lexmark Patents that are satisfied literally by the Toner Cartridges and the Accused Cartridges:

| Lexmark's Patents | Toner Cartridges | | | | | | |
|---|---|---|---|---|---|---|---|
| | E120 | E23X/E24X/ E33X/E34X | E260/ E360/E460 | E25X/ E35X/E45X | T52X/T61X/ T62X/T63X/ T64X/T65X | E320/ E322 | E220 and E321/E323 |
| 5,337,032 | | | | | 1,5,6 | | |
| 5,634,169 | | | 32,36,42 | | 1-3,32-34, 36, 42 | 32,36,42 | 32,36,42 |

9

| Lexmark's Patents | Toner Cartridges | | | | | | |
|---|---|---|---|---|---|---|---|
| | E120 | E23X/E24X/ E33X/E34X | E260/ E360/E460 | E25X/ E35X/E45X | T52X/T61X/ T62X/T63X/ T64X/T65X | E320/ E322 | E220 and E321/E323 |
| 5,758,231 | | 1-16 | 1-16 | 1-16 | | 1-16 | 1-16 |
| 5,758,233 | | | | | 1-4 | | |
| 5,768,661 | | | | | 1,2,3,6 | | |
| 5,802,432 | | | | | 1-3, 7-9 | | |
| 5,875,378 | | | | | 1-3,12-14,24 | | |
| 5,995,772 | | | 14,15,22, 32-34 | | 1-3,5,7-9, 12,14-18,20,21 | 14,15,22, 32-34 | 14,15,22, 32-34 |
| 6,009,291 | 1-2 | 1-2 | 1-2 | 1-2 | 1-2 | | |
| 6,078,771 | 1,5,6,10, 12,13,15 | 1,5,6,10, 12,13,15 | 1,5,6,10, 12,13,15 | 1,5,6,10, 12,13,15 | 1,2,5,6,10, 12,13,15 | | |
| 6,397,015 | | | 1,2,4, 9,17,19 | | 1-4,7-12, 14-19,22-24 | 1,2,4, 9,17,19 | 1,2,4, 9,17,19 |
| 6,459,876 | | | | | 1-28 | | |
| 6,487,383 | 1,2,6, 10,15,19 | 1,2,6, 10,15,19 | 1,2,6, 10,15,19 | 1,2,6, 10,15,19 | 1,2,6,10, 11,15,19 | 19 | 19 |
| 6,496,662 | | 1,3,5,7 | | 1,3,5,7 | | | |
| 6,678,489 | | 5, 6 | 5, 6 | 5, 6 | | | |
| 6,816,692 | 1-13 | 1-13 | 1-13 | 1-13 | | | |
| 6,871,031 | | 1-6,8-12 | 1-6,8-12 | 1-6,8-12 | | | |
| 6,879,792 | | 1-11 | 1-11 | 1-11 | | | |
| 7,139,510 | | 1-10 | 1-10 | 1-10 | | | |
| 7,233,760 | 1-10, 11,12,14 | 1-10, 11,12,14 | 1-10, 11,12,14 | 1-10, 11,12,14 | | | |
| 7,305,204 | | 1-20 | 1-20 | 1-8,10-13 | | | |

6. The importation, use, remanufacture, manufacture, offer to sell or sale by anyone other than Lexmark of any Toner Cartridge that was originally sold outside the United States constitutes an infringement the above-identified claims in the Lexmark Patents.

7. The importation, use, remanufacture, manufacture, offer to sell or sale by anyone other than Lexmark of any Toner Cartridge in the United States under which Lexmark's Patent rights were not exhausted constitutes an infringement the above-identified claims in the Lexmark Patents.

8. Except for any cartridge in which Lexmark's Patent rights have been exhausted, this Court permanently enjoins Precision Printer as well as those persons or

10

companies in active concert or participation with Precision Printer who receive actual notice of the order by personal service or otherwise from making, using, selling, offering for sale or importing into the United States Accused Cartridges that infringe any of the above-identified patent claims or are not colorably different from the Accused Cartridges.

9. Nothing herein limits or shall be construed to limit in any way Precision Printer's activities with respect to toner cartridges in which Lexmark's patent rights have been exhausted. Further, nothing herein limits or shall be construed to limit in any way Precision Printer's activities with respect to any Lexmark Patents that have expired, lapsed, are no longer enforceable, or have found to be invalid by a court of competent jurisdiction.

10. Precision Printer represents and warrants that it has disclosed to Lexmark the quantity and type of all Accused Cartridges that it purchased, made, used, sold, offered for sale, or imported into the United States.

11. Precision Printer consents to personal jurisdiction by this Court, consents to venue in this District, and waives services of process for this action.

12. This Court retains jurisdiction over Lexmark and Precision Printer to the extent necessary to enforce the terms of this Stipulated Permanent Injunction and Consent Judgment and the agreement between the parties.

13. This Stipulated Permanent Injunction and Consent Judgment shall be binding upon and shall inure to the benefit of Lexmark and Precision Printer as well as each of its respective subsidiaries, corporate parents, affiliates, and/or successors and assigns.

Date: 10/21, 2013

s/ Michael R. Barrett

MICHAEL R. BARRETT, Judge
United States District Court

HAVING BEEN SEEN AND AGREED TO ON OCTOBER 15, 2013, by:

/s/ Jason S. Shull

P. Douglas Barr (Ohio Bar No. 20868)
Steven B. Loy
Anthony J. Phelps
STOLL KEENON OGDEN PLLC
300 West Vine Street, Suite 2100
Lexington, KY 40507
Telephone: (859) 231-3000
Facsimile: (859) 253-1093

William J. Hunter, Jr.
STOLL KEENON OGDEN PLLC
2000 PNC Plaza
500 West Jefferson Street
Louisville, KY 40202
Telephone: (502) 333-6000
Facsimile: (502) 333-6099

Timothy C. Meece
V. Bryan Medlock
Jason S. Shull
Audra Eidem Heinze
BANNER & WITCOFF LTD.
10 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 463-5000

*Attorneys for Plaintiff,*
*Lexmark International, Inc.*

[signature] President Precision Printer Services Inc.

Precision Printer Services
9185 Portage Industrial Dr.
Portage, MI 49024

12