# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### CINCINNATI DIVISION

LEXMARK INTERNATIONAL, INC.

      Plaintiff,

          v.

INK TECHNOLOGIES PRINTER SUPPLIES, LLC, ET AL.

      Defendants.

Civil Action No.
1:10-CV-564-MRB

## SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Lexmark International Inc. ("Lexmark") for its second amended complaint against Defendants Blue Trading LLC; Core Servicios Informaticos S.I.; Direct Billing International Incorporated d/b/a Office Supply Outfitters; Eco Service China Ltd.; Eco Service Sp. z o.o.; Enviro Green Technologies; Exprint International, Inc.; FBA Holding, Inc. d/b/a Core Recovery Company, Unitone Imaging Supply, Unitone Imaging Group, Martek Supply Source, Imcopex America, Velox Systems, Inc., and International Digital Solutions; Green Project, Inc.; Hock Group LLC d/b/a ProfessorInk.com; Impression Products, Inc.; Interseroh Product Cycle GmbH; LD Products, Inc. d/b/a 4inkjets.com, Monstertoner.com, Inkcartridges.com, Inkcartridge.com, and 123inkjets.com; LTS Consumables, Inc.; MBC Trading, Inc.; N & L Global Co. d/b/a N & L Global Corporation; NGS S.A.; Onlinetechstores.com, Inc. d/b/a Supplierswholesalers.com; OW Supplies Corp. d/b/a www.officewarehousesupplies.com; Prinko Image Co. (USA), Inc.; Recyca BVBA; Refiltoner; Shanghai Orink Infotech International Co., Ltd.; Sinotime Technologies, Inc. d/b/a 2Stoner.com; Tech Optics, Inc.; Tesen Development

(Hong Kong) Co. Ltd.; TonerLand; Zhuhai Aicon Image Co., Ltd.; and Zhuhai Richeng Development Co., Ltd., states as follows:

## NATURE OF CASE

1.     This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*., and particularly 35 U.S.C. §§ 271 and 281.

2.     A parallel complaint in the United States International Trade Commission ("ITC") for an investigation under Section 337 of the Tariff Act of 1930, 19 U.S.C. § 1337, was contemporaneously filed with Lexmark's original complaint in this action based upon the unlawful importation into the United States, the sale for importation and/or the sale within the United States after importation, of unauthorized, aftermarket toner cartridges, which are complained of herein, for use with Lexmark printers.  *In the Matter of Certain Toner Cartridges and Components Thereof*, Inv. No. 337-TA-740 (International Trade Commission).

3.     On September 27, 2011, the ITC determined that the Respondents identified in the ITC complaint (*i.e.*, the Defendants named in Lexmark's original complaint in this action) infringed Lexmark's patents.  (Exhibit 1).  The ITC entered a General Exclusion Order prohibiting, *inter alia*, the importation of toner cartridges and components thereof that are covered by one or more of Lexmark's asserted patent claims.  (Exhibit 2).  The ITC also entered Cease and Desist Orders prohibiting the Defendants named in Lexmark's original complaint from importing, making, advertising, distributing, and transferring toner cartridges and components thereof that are covered by one or more of Lexmark's asserted patent claims.  (*Id.*).

4.     Since the filing of Lexmark's original complaint in this action, the Court has entered Stipulated Permanent Injunction Orders against the Defendants named in the original complaint, certain of the Defendants named in the first amended complaint, as well as numerous John Doe Defendants.  (*See* D.E. 85, 87, 90, 91, 93, 96, 97, 100, 101, 103, 105, 114, 122, 129-134, 146-152, 157-159, 164, 176-181, 184, 185, 188, 189, 194-196, 199-201, 212, 214, 227, 280, 281, 297, 304, 350, 351, 358-361, 411, 417).  The Stipulated Injunction Orders prohibit, *inter alia*, the manufacture, use, sale, offer for sale or importation into the United States toner cartridges that infringe Lexmark's asserted patent claims.  (*See id.*).

## THE PARTIES

### Plaintiff – Lexmark International Inc.

5.     Lexmark is a Delaware corporation with its principal place of business in Lexington, KY.  Lexmark is a leading worldwide developer, manufacturer, and supplier, of *inter alia*, of laser printers and toner cartridges.

6.     Lexmark develops and owns most of the technology for its laser printers and associated supplies.  This differentiates Lexmark from a number of its major competitors.

7.     Lexmark's research and development activity for the past several years has focused on, *inter alia*, laser printers and printer supplies.  The process of developing new technology products is complex and requires innovative designs that anticipate customer needs and technological trends.  Lexmark's research and development expenditures were $375 million in 2009, $423 million in 2008, $401 million in 2007, $371 million in 2006, $336 million in 2005, $312 million in 2004, $266 million in 2003, $247 million in 2002, $246 million in 2001, $217 million in 2000, and $184 million in 1999.

8.     Over the years, Lexmark has developed numerous models of monochrome laser printers, including the E120, E220, E230, E232, E234, E238, E240, E250, E260, E320, E322, E321, E323, E330, E332, E340, E342, E350, E352, E360, E450, E460, E460, T520, T522, X520, X522, T610, T612, T614, T616, T620, T622, X620, T630, T632, T634, T640, T642, T644, T650, T652, T654, T656, X650, X651, X652, X653, X654, X655, and X656 series printers, and the equivalent monochrome laser printers sold under private label, including the Dell 1700, Dell 1700N, Dell 1710, Dell 1720, Dell 2230, Dell 2330, Dell 235 Technologies 0, Dell 3330, Dell 3333, Dell 3335, Dell 5200, Dell 5210, Dell 5300, Dell 5310, Dell 5230, Dell 5350, Dell 5530, Dell 5535, Dell E220, IBM 1116, IBM 1312, IBM 1412, IBM 1512, IBM 1512N, IBM infoPrint 1120, IBM InfoPrint 1125, IBM Infoprint 1130, IBM Infoprint 1140, IBM InfoPrint 1332, IBM Infoprint 1352, IBM Infoprint 1372, IBM InfoPrint 1532, IBM Infoprint 1552, IBM Infoprint 1572, IBM Infoprint 1832, IBM Infoprint 1850, IBM Infoprint 1852, IBM Infoprint 1860, IBM Infoprint 1870, IBM Infoprint 1872, IBM Infoprint 1880, IBM Infoprint 1892, InfoPrint 1601, InfoPrint 1602, InfoPrint 1612, InfoPrint 1622, Infoprint 1822, IBM Infoprint 1823, IBM Infoprint 1930, IBM Infoprint 1940, Lenovo LI3900, LG 3510, LG 3350, LG 3850, LG 4010, Nashuatec P6220, Nashuatec P6225, Nashuatec P6230, Nashuatec 6240, Okidata MB780, Okidata MB790, Okidata 5500, Okidata 7180, Okidata 7190, Ricoh Afficio SP 4400, Ricoh Afficio SP 4410, Ricoh Afficio SP 4420, Sindoricoh 5000, Sindoricoh 5005, Sindoricoh 5050, Sindoricoh 4450, Sindoricoh 4550, Sindoricoh 4555, Sindoricoh 5450, Sindoricoh 5550, Source Technologies 9116, Source Technologies 9130,  Source Technologies 9140, Source Technologies 9325, Source Technologies 9335, Source Technologies 9340, Source Technologies 9530n, Source Technologies 9550, Source Technologies 9552, Source Technologies 9630, Source Technologies 9650, Source Technologies 9620, Source

Technologies 9622, Source Technologies ST 9120, Source Technologies 9125, Toshiba e-Studio 20P, Toshiba e-Studio 25P, Toshiba e-Studio 30P, Toshiba e-Studio 40P, Toshiba e-Studio 400P, Toshiba e-Studio430, Toshiba e-Studio 530, Toshiba e-Studio 450P, Toshiba e-Studio 500P, Toshiba e-Studio 500P, Unisys 134, Unisys 136, Unisys UDS 130, Unisys UDS 132, Unisys UDS 640n, Unisys UDS 650n, Unisys UDS 140, Unisys UDS 142, Unisys UDS 540n, Unisys UDS 544n, Unisys UDS 630, Unisys UDS 635dn series printers.[1] In addition, Lexmark has designed and developed toner cartridges for each of these laser printer models and equivalents sold under private label.

9. Lexmark is the assignee and owner of a number of United States patents that cover various aspects of its toner cartridges including, for example, the "Patents-in-Suit," which are set forth below. True and correct copies of the Patents-in-Suit are attached as Exhibits 4 - 24.

| United States Pat. No. | Title | Exhibit |
|---|---|---|
| 5,337,032 ("the '032 Patent") | Reduced Component Toner Cartridge | 4 |
| 5,634,169 ("the '169 Patent") | Multiple Function Encoder Wheel For Cartridges Utilized In An Electrophotographic Output Device | 5 |
| 5,758,231 ("the '231 Patent") | Venting Plug In Toner Cartridge | 6 |
| 5,758,233 ("the '233 Patent") | Toner Cartridge With Locating [Surfaces] On Photoconductor Shaft | 7 |
| 5,768,661 ("the '661 Patent") | Toner Cartridge With External Planar Installation Guides | 8 |
| 5,802,432 ("the '432 Patent'") | Toner Cartridge with Housing and Pin Construction | 9 |
| 5,875,378 ("the '378 Patent") | Toner Cartridge With Hopper Exit Agitator | 10 |
| 5,995,772 ("the '772 Patent") | Imaging Apparatus Cartridge Including An | 11 |

---

[1] Exhibit 3 attached hereto is a chart identifying which laser printer models sold under private label are equivalent to Lexmark's laser printer models.

| United States Pat. No. | Title | Exhibit |
|---|---|---|
| | Encoded Device | |
| 6,009,291 ("the '291 Patent") | Control Of Photosensitive Roller Movement | 12 |
| 6,078,771 ("the '771 Patent") | Low Friction Doctor Blade | 13 |
| 6,397,015 ("the '015 Patent"') | Encoded Device Having Positioned Indicia For Use With A Toner Cartridge | 14 |
| 6,459,876 ("the '876 Patent") | Toner Cartridge | 15 |
| 6,487,383 ("the '383 Patent") | Dynamic End-Seal For Toner Development Unit | 16 |
| 6,496,662 ("the '662 Patent") | Optical Toner Low Sensor | 17 |
| 6,678,489 ("the '489 Patent") | Two Part Cartridges With Force Biasing By Printer | 18 |
| 6,816,692 ("the '692 Patent") | Support Assembly For Roller Including Roller Body And Support Shaft | 19 |
| 6,871,031 ("the '031 Patent") | Coupling Mechanism For A Two Piece Printer Cartridge | 20 |
| 6,879,792 ("the '792 Patent") | Two Part Cartridges With Force Biasing By Printer | 21 |
| 7,139,510 ("the '510 Patent") | Two Part Cartridges With Force Biasing By Printer | 22 |
| 7,233,760 ("the '760 Patent") | Method and Device for Doctor Blade Retention | 23 |
| 7,305,204 ("the '204 Patent") | Two Part Cartridges With Force Biasing By Printer | 24 |

10.   The Patents-In-Suit are valid and enforceable.  In fact, myriad Defendants and John Doe Defendants have expressly agreed to the validity and enforceability of the Patents-in-Suit in court filings, public statements, and confidential settlement agreements.

**Defendants Generally**

11.   Defendants remanufacture, manufacture, sell for importation, import, distribute, offer to sell, and/or sell unauthorized aftermarket toner cartridges, developer assemblies, and photoconductor assemblies that are intended as substitutes for use with one or more of

Lexmark's E120, E220, E230, E232, E234, E238, E240, E250, E260, E320, E322, E321, E323, E330, E332, E340, E342, E350, E352, E360, E450, E460, E460, T520, T522, X520, X522, T610, T612, T614, T616, T620, T622, X620, T630, T632, T634, T640, T642, T644, T650, T652, T654, T656, X650, X651, X652, X653, X654, X655, and/or X656 laser printer series and the equivalent laser printer models sold under private label identified in Paragraph 8 above and in Exhibit 3, including clones as well as remanufactured versions of these cartridges and assemblies that originally were first sold outside of the United States (collectively, "the Accused Cartridges").

12. The clone and remanufactured versions of these Accused Cartridges have the same patented components as Lexmark's original, patented components. This can be seen, for example, by the following exemplary side-by-side comparison of Lexmark's patented E250 cartridge to an exemplary infringing E250 cartridge, and side-by-side comparison of Lexmark's patented T640 cartridge to an exemplary infringing T640 cartridge:

| Lexmark Genuine E250 Cartridge | Exemplary Infringing E250 Cartridge |
| --- | --- |



| Lexmark Genuine E250 Cartridge | Exemplary Infringing E250 Cartridge |
|---|---|
|  |  |
|  |  |

| Lexmark Genuine T640 Cartridge | Exemplary Infringing T640 Cartridge |
|---|---|
|  |  |

| Lexmark Genuine T640 Cartridge | Exemplary Infringing T640 Cartridge |
|:---:|:---:|



13.   The clone cartridges are mere copies of Lexmark's genuine toner cartridges and for a particular model and blatantly duplicate the components of Lexmark's patented toner cartridges.  Likewise, the remanufactured cartridges first sold outside the United States are, in all relevant respects, identical to Lexmark's patented toner cartridges.  In other words, the remanufactured versions continue to practice Lexmark's patents just as when those cartridges were originally manufactured and sold by Lexmark.

14.   For example, this can be seen by the below side-by-side comparison of Lexmark's patented encoder wheels, disclosed and claimed in Lexmark's '015 patent, to encoder wheels taken from infringing cartridges.

| Lexmark Patented Encoder Wheel | Encoder Wheel Taken From An Exemplary Infringing Cartridge |
|---|---|



| Lexmark Patented Encoder Wheel | Encoder Wheel Taken From An Exemplary Infringing Cartridge |
|---|---|



15. Similarly, below is a side-by-side comparison of Lexmark's patented roller bearing,  disclosed and claimed in Lexmark's '692 patent, to a roller bearing from an infringing cartridge.

| Lexmark Patented Roller Bearing | Roller Bearing Taken From An Exemplary Infringing Cartridge |
|---|---|
|  | |

16. The table set forth below identifies which patent claims are infringed by which Accused Cartridges.

| Lexmark's Patents | Toner Cartridges | | | | | | |
|---|---|---|---|---|---|---|---|
| | E120 | E23X/E24X/ E33X/E34X | E260/ E360/E460 | E25X/ E35X/E45X | T52X/T61X/ T62X/T63X/ T64X/T65X | E320/ E322 | E220 and E321/E323 |
| 5,337,032 | | | | | 1,5,6 | | |
| 5,634,169 | | | 32,36,42 | | 1-3,32-34, 36, 42 | 32,36,42 | 32,36,42 |
| 5,758,231 | | 1-16 | 1-16 | 1-16 | | 1-16 | 1-16 |
| 5,758,233 | | | | | 1-4 | | |
| 5,768,661 | | | | | 1,2,3,6 | | |
| 5,802,432 | | | | | 1-3, 7-9 | | |
| 5,875,378 | | | | | 1-3,12-14,24 | | |
| 5,995,772 | | | 14,15,22, 32-34 | | 1-3,5,7-9, 12,14- 18,20,21 | 14,15,22, 32-34 | 14,15,22, 32-34 |
| 6,009,291 | 1-2 | 1-2 | 1-2 | 1-2 | 1-2 | | |
| 6,078,771 | 1,5,6,10, 12,13,15 | 1,5,6,10, 12,13,15 | 1,5,6,10, 12,13,15 | 1,5,6,10, 12,13,15 | 1,2,5,6,10, 12,13,15 | | |
| 6,397,015 | | | 1,2,4, 9,17,19 | | 1-4,7-12, 14-19,22-24 | 1,2,4, 9,17,19 | 1,2,4, 9,17,19 |
| 6,459,876 | | | | | 1-28 | | |
| 6,487,383 | 1,2,6, 10,15,19 | 1,2,6, 10,15,19 | 1,2,6, 10,15,19 | 1,2,6, 10,15,19 | 1,2,6,10, 11,15,19 | 19 | 19 |
| 6,496,662 | | 1,3,5,7 | | 1,3,5,7 | | | |
| 6,678,489 | | 5, 6 | 5, 6 | 5, 6 | | | |
| 6,816,692 | 1-13 | 1-13 | 1-13 | 1-13 | | | |
| 6,871,031 | | 1-6,8-12 | 1-6,8-12 | 1-6,8-12 | | | |
| 6,879,792 | | 1-11 | 1-11 | 1-11 | | | |
| 7,139,510 | | 1-10 | 1-10 | 1-10 | | | |
| 7,233,760 | 1-10, 11,12,14 | 1-10, 11,12,14 | 1-10, 11,12,14 | 1-10, 11,12,14 | | | |

| Lexmark's Patents | Toner Cartridges | | | | | | |
|---|---|---|---|---|---|---|---|
| | E120 | E23X/E24X/ E33X/E34X | E260/ E360/E460 | E25X/ E35X/E45X | T52X/T61X/ T62X/T63X/ T64X/T65X | E320/ E322 | E220 and E321/E323 |
| 7,305,204 | | 1-20 | 1-20 | 1-8,10-13 | | | |

### Defendants Specifically

17.     Lexmark's investigation and discovery of the unauthorized remanufacture, importation, distribution, offers for sale, and/or sale of the Accused Cartridges continues.  For example, Lexmark currently has subpoenas to several potential Defendants now pending that seek documents and deposition discovery regarding their unauthorized remanufacture, importation, distribution, offers for sale, and/or sale of the Accused Cartridges.   Upon completion of such discovery, Lexmark may identify additional Defendants in the present case. In the meantime, Lexmark is aware of at least the Defendants identified below.

18.     On information and belief, Defendant Blue Trading LLC ("Blue Trading") is a corporation organized under the laws of Florida having a principal place of business located at 9272 NW 101st Street, Medley, FL 33178.  On information and belief, Blue Trading operates a website http://www.bluetradingus.com, which is accessible in this judicial district.    On information and belief, the Accused Cartridges are offered for sale on the website http://www.bluetradingus.com.

19.     On information and belief, Defendant Core Servicios Informaticos S.I. ("Core Servicios") is corporation organized under the laws of Spain having a principal place of business located at Calle Resina,  29 Nave D, 28021 Madrid, Spain.  On information and belief, Core Servicios operates a website http://www.core-global.com, which is accessible in this judicial district.   On information and belief, the Accused Cartridges are offered for sale on

the website http://www.core-global.com.   On information and belief, Core Servicios has imported Accused Cartridges into the United States for sale to other Defendants.

20.     On information and belief, Defendant Direct Billing International Incorporated ("Direct Billing") is a corporation organized under the laws of California with a principal place of business at 5910 Sea Lion Place, Suite 100, Carlsbad, CA 92010, and further address at P.O. Box 2789, Carlsbad, CA 92018.   On information and belief, Direct Billing does business as Office Supply Outfitters, and operates a website at http://www.officesupplyoutfitters.com, which is accessible in this judicial district.   On information and belief, the Accused Cartridges are offered for sale on the websites http://www.officesupplyoutfitters.com.

21.     On information and belief, Defendant Eco Service China Ltd. ("Eco Service China") is a corporation organized under the laws of China having a principal place of business at Room A, 9th Floor, Queen's Centre, 58-64 Queen's Road East, Wan Chai, Hong Kong.   On information and belief, Eco Service China has imported Accused Cartridges into the United States for sale to other Defendants.

22.     On information and belief, Defendant Eco Service Sp. z o.o. ("Eco Service Poland") is a foreign corporation having a principal place of business at ul. Atramentowa 5, Bielany Wroclawskie, 55-040 KOBIERZYCE, Poland.   On information and belief, Eco Service Poland is affiliated with and/or does business as Eco Service China.   On information and belief, Eco Service Poland has imported Accused Cartridges into the United States for sale to other Defendants.

23.     On information and belief, Defendant Enviro Green Technologies is a corporation organized under the laws of South Africa having a principal place of business located at 3 Roper Street, Unit D, Johannesburg, South Africa.  On information and belief, Enviro Green Technologies has imported Accused Cartridges into the United States for sale to other Defendants.

24.     On information and belief, Defendant Exprint International, Inc. is a corporation organized under the laws of California having a principal place of business located at 20515 E Walnut Drive N, Unit C3, Walnut, CA 91789.   On information and belief, Exprint International, Inc. operates a website http://www.exprintinc.com, which is accessible in this judicial district.  On information and belief, the Accused Cartridges are offered for sale on the website http://www.exprintinc.com.

25.     On information and belief, Defendant FBA Holding, Inc. is a corporation organized under the laws of Florida having its principal place of business located at 200 Fentress Boulevard, Suite B, Daytona Beach, FL 32114.  FBA Holding, Inc. does business under several names, including Core Recovery Company, Unitone Imaging Supply, Unitone Imaging Group, Martek Supply Source, Imcopex America, Velox Systems, Inc. and International Digital Solutions (collectively "FBA Holding").  On information and belief, FBA Holding operates several websites, including http://www.corerecovery.com, http://www.unitone.com, http://www.martekonline.com, http://www.imcopexmarerica.com, and www.idscopier.com, all of which are accessible in this judicial district.  On information and belief, the Accused Cartridges are offered for sale on the websites

http://www.corerecovery.com, http://www.unitone.com, http://www.martekonline.com, http://www.imcopexmarerica.com, and www.idscopier.com.

26.     On information and belief, Defendant Green Project, Inc. ("Green Project") is a corporation organized under the laws of California having a principal place of business located at 15335 Don Julian Rd, Hacienda Heights, CA 91745.  On information and belief, Green Project operates a website http://www.greenprojectinc.com, which is accessible in this judicial district.  On information and belief, the Accused Cartridges are offered for sale on the website http://www.greenprojectinc.com.

27.     On information and belief, Defendant Hock Group LLC d/b/a ProfessorInk.com ("Hock Group") is a corporation organized under the laws of Indiana having a principal place of business located at 9505 Marquis Lane, For Wayne, Indiana 46835.  On information and belief, Hock Group operates a website, www.professorink.com, which is accessible in this judicial district.  On information and belief, Hock Group offers for sale and sells the Accused Cartridges.

28.     On information and belief, Defendant Impression Products, Inc. is a corporation organized under the laws of West Virginia having a principal place of business located at 129 Dutch Road, Charleston, WV 25302.  On information and belief, Impression Products, Inc. operates a website http://www.charlestonprinterservice.com, which is accessible in this judicial district.  On information and belief, the Accused Cartridges are offered for sale on the website http://www.charlestonprinter.com.

29.     On information and belief, Defendant Interseroh Product Cycle GmbH ("Interseroh") is a corporation organized under the laws of Germany having a principal place of business at Ackerstraße 60, 49084 Osnabrück, Germany.  On information and belief, Interseroh Product Cycle GmbH operates a website http://www.interseroh.de/en, which is accessible in this judicial district.  On information and belief, Interseroh has imported Accused Cartridges into the United States for sale to other Defendants.

30.     On information and belief, Defendant LD Products, Inc. d/b/a 4inkjets.com, Monstertoner.com, Inkcartridges.com, Inkcartridge.com, and 123inkjets.com is a corporation organized under the laws of California having a principal place of business located at 3700 Cover Street, Long Beach, CA 90808.  On information and belief, LD Products, Inc. operates websites  http://www.ldproducts.com,  www.4inkjets.com,  http://www.monstertoners.com, http://www.inkcartridges.com,  http://www.inkcartridge.com,  and  http://www.123inkjets.com, all of which are accessible in this judicial district.  On information and belief, the Accused Cartridges are offered for sale on the websites http://www.ldproducts.com, www.4inkjets.com, http://www.monstertoners.com,  http://www.inkcartridges.com,  http://www.inkcartridge.com, and http://www.123inkjets.com.

31.     On information and belief, Defendant LTS Consumables, Inc. ("LTS Consumables") is a corporation organized under the laws of California having a principal place of business located at 15306 E Valley Blvd, La Puente, CA 91746.  On information and belief, LTS Consumables sells and has imported into the United States Accused Cartridges.

32.     On information and belief, Defendant MBC Trading, Inc. ("MBC Trading") is a corporation organized under the laws of California having a principal place of business located at 12936 South Figueroa Street, Los Angeles, CA 90061. On information and belief, MBC Trading imports and sells Accused Cartridges.

33.     On information and belief, Defendant N & L Global Co. d/b/a N & L Global Corporation ("N & L Global") is a corporation organized under the laws of California having a principal place of business located at 2300 Peck Road, City of Industry, CA 90601. On information and belief, N & L Global operates a website, http://www.nlglobalco.com, which is accessible in this judicial district. On information and belief, N & L Global imports and sells Accused Cartridges.

34.     On information and belief, Defendant NGS S.A. is a corporation organized under the laws of Chile having a principal place of business located at Avenida Cordillera 321 - C8, Quilicura, Chile. On information and belief, NGS S.A. operates a website http://www.ngschile.com, which is accessible in this judicial district. On information and belief, the Accused Cartridges are offered for sale on the website http://www.ngschile.com. On information and belief, NGS S.A. has imported Accused Cartridges into the United States for sale to other Defendants.

35.     On information and belief, Defendant Onlinetechstores.com, Inc. d/b/a Supplierswholesalers.com is a corporation organized under the laws of Nevada having a principal place of business located at 1335 Greg Street, Suite 107, Sparks, NV 89431. On information and belief, Onlinetechstores.com, Inc. operates a website

http://www.supplierswholesalers.com, which is accessible in this judicial district. On information and belief, the Accused Cartridges are offered for sale on the website http://www.supplierswholesalers.com.

36. On information and belief, Defendant OW Supplies Corp. d/b/a www.officeandwarehousesupplies.com ("OW Supplies") is a corporation organized under the laws of California having a principal place of business located at 2300 Peck Rd., City of Industry, California 90601. On information and belief, OW Supplies operates a website, www.officeandwarehousesupplies.com, which is accessible in this judicial district. On information and belief, OW Supplies offers for sale and sells the Accused Cartridges.

37. On information and belief, Defendants Prinko Image Co. (USA), Inc. ("Prinko Image") is a corporation organized under the laws of California having a principal place of business located at 17907 Arenth Avenue, City of Industry, CA 91748. On information and belief, Prinko Image operates a website http://www.zhprinko.cn, which is accessible in this judicial district. On information and belief, the Accused Cartridges are offered for sale on the website http://www.zhprinko.cn.

38. On information and belief, Defendant Recyca BVBA is a corporation organized under the laws of Belgium having a principal place of business located at Delften 23/65, 2390 Malle, Belgium. On information and belief, Recyca BVBA operates a website http://www.recyca.be, which is accessible in this judicial district. On information and belief, the Accused Cartridges are offered for sale on the website http://www.recyca.be. On

information and belief, Recyca BVBA has imported Accused Cartridges into the United States for sale to other Defendants.

39.     On information and belief, Defendant Refiltoner is a corporation organized under the laws of Ecuador having a principal place of business at 6 de Diciembre N23-64 Edf. Famer Piso 3, Quito, Pichincha, Ecuador.  On information and belief, Refiltoner operates a website http://www.refiltoner.com, which is accessible in this judicial district.  On information and belief, Refiltoner has imported Accused Cartridges into the United States for sale to other Defendants.

40.     On information and belief, Defendant Shanghai Orink InfoTech International Co., Ltd. is a corporation organized under the laws of China having a principal place of business at Room 307, No. 275-8, East Guoding Road, Shanghai, China 200433.  On information and belief, Shanghai Orink InfoTech International operates a website http://www.orink.com, which is accessible in this judicial district.  On information and belief, the Accused Cartridges are offered for sale on the website http://www.orink.com.  On information and belief, Shanghai Orink InfoTech International has imported Accused Cartridges into the United States for sale to other Defendants.

41.     On information and belief, Defendant Sinotime Technologies, Inc. d/b/a 2Stoner.com ("Sinotime") is a corporation organized under the laws of Florida having a principal place of business located at 3100 NW 72nd Avenue 106, Miami, Florida 33122.  On information and belief, Sinotime operates a website, www.2Stoner.com, which is accessible in

this judicial district. On information and belief, Sinotime offers for sale and sells Accused Cartridges.

42.     On information and belief, Defendant Tech Optics, Inc. ("Tech Optics") is a corporation organized under the laws of Florida having a principal place of business located at 10882 Southwest 188th St., Miami, FL 33157. On information and belief, Tech Optics operates a website, http://www.techopticsinc.com, which is accessible in this judicial district. On information and belief, the Accused Cartridges are offered for sale on the website http://www.techoptics.com.

43.     On information and belief, Defendant Tesen Development (Hong Kong) Co. Ltd. is a corporation organized under the laws of China having a principal place of business at Room 8, 6/F, Shun on Comm Building, 112-114 Des Voeux Road, Central Hong Kong, Hong Kong. On information and belief, Tesen Development (Hong Kong) Co. Ltd. is affiliated with and/or does business as Tesen Shongshan-Zonton Printer Accessory Co., Ltd., which has a business address at No. 5 Shagangzhong Road, Taifong Industrial Zone, Gangkou Town, Zhongshan, Guangdong, China (collectively "Tesen"). On information and belief, Tesen operates a website www.tstoner.com, which is accessible in this judicial district. On information and belief, Tesen has imported Accused Cartridges into the United States for sale to other Defendants.

44.     On information and belief, Defendant TonerLand is owned by Sercomp, LLC, a California corporation having a principal place of business located at 1601 W. 190th St., Gardena, CA 90248. On information and belief, TonerLand operates a website,

www.tonerland.com, which is accessible in this judicial district.  On information and belief, TonerLand sells Accused Cartridges.

45.    On information and belief, Defendant Zhuhai Aicon Image Co., Ltd. ("Aicon") is a corporation organized under the laws of China having a principal place of business located at Room516 Block A, Leaguer Building, Tsinghua Science Park, No.101 College Rd., 519080 Tang jia wan, Zhuhai, China.  On information and belief, Aicon operates a website, www.iaicon.com, which is accessible in this judicial district.  On information and belief, Aicon has imported Accused Cartridges into the United States for sale.

46.    On information and belief, Defendant Zhuhai Richeng Development Co., Ltd. is a corporation organized under the laws of China having a principal place of business located at Building 6/F, No. 10, Shihua No. 3 Lane, Nanshan Industrial Zone, Zhuhai, China 519015.  On information and belief, Zhuhai Richeng Development Co., Ltd. operates a website http://www.richeng.cn/en/, which is accessible in this judicial district.   On information and belief, Zhuhai Richeng Development Co., Ltd. has imported Accused Cartridges into the United States for sale to other Defendants.

47.    On information and belief, John Does 1-20 remanufacture, manufacture, import, distribute, offer for sale, and/or sell Accused Cartridges.  Lexmark currently has subpoenas to several John Does now pending that seek documents and deposition discovery regarding their unauthorized remanufacture, importation, distribution, offers for sale, and/or sale of Accused Cartridges.  Upon completion of such discovery, Lexmark may specifically identify such John Does as Defendants in the present case.

## JURISDICATION AND VENUE

48.   This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331 and 1338(a).  This Court also has supplemental jurisdiction over Lexmark's Breach of Representation and Warranty claim in this dispute pursuant to 28 U.S.C. § 1367.

49.   On information and belief, this Court has personal jurisdiction over Defendants located in the United States because they have been and/or are engaged in substantial and continuous business activities in this judicial district and/or have committed acts of infringement in this judicial district.

50.   On information and belief, the Defendants have sufficient minimum contacts and are subject to personal jurisdiction in Ohio because they know that the Accused Cartridges they remanufacture, sell for importation, import, distribute, offer for sale, and/or sell enter Ohio through the stream of commerce and because they intentionally serve the United States market, including Ohio, by indirectly shipping the Accused Cartridges there.  On information and belief, Defendants also operate websites that serve as channels for advertising and selling the Accused Cartridges to customers in Ohio, and/or regularly providing and receiving information and advice to and from customers in Ohio.  The Accused Cartridges are easily sold over the Internet by entities, including Defendants, which have sought to mask their identities through the use of multiple corporations and fictitious business names.  Even with physical presence in the United States or this judicial district, the Internet allows the entities selling the Accused Cartridges to have deep reach into the United States and this judicial district for a very low cost.

51.   On information and belief, this Court has personal jurisdiction over Defendants located outside the United States under Fed. R. Civ. P. 4(k)(2), because they are not subject to

jurisdiction in any state's court of general jurisdiction and exercising jurisdiction is consistent with the United States Constitution and laws.

52.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(2), 1391(c), 1391(d), and 1400(b).

## COUNT I – PATENT INFRINGEMENT

53.     Lexmark incorporates herein the allegations of paragraphs 1 through 54 above specifically by reference.

54.     On information and belief, Defendants import, remanufacture, offer to sell, and/or sell after importation into the United States one or more of the Accused Cartridges and/or components thereof.

55.     On information and belief, certain of the Accused Cartridges utilize the same patented technology that is found in the Lexmark genuine toner cartridges. In particular, the clone and remanufactured toner cartridges imported, sold and/or offered for sale by Defendants utilize the Patents-in-Suit that cover the same patented components found in Lexmark's genuine toner cartridges.

56.     Lexmark has never licensed or permitted Defendants to practice any of the legal rights granted under the Patents-in-Suit.

57.     On information and belief, Defendants' remanufacturing, importing, offering to sell, and/or selling of one or more of the Accused Cartridges and/or components thereof in the United States constitutes direct patent infringement under 35 U.S.C. § 271(a) of the '032, '169, '231, '233, '661, '432, '378, '772, '291, '771, '015, '876, '383, '662, '692, '510, '760, and/or '204 Patents.

58.    On information and belief, Defendants' remanufacturing, importing, offering to sell, and/or selling of one or more of the Accused Cartridges and/or components thereof, including developer assemblies, in the United States constitutes contributory patent infringement under 35 U.S.C. § 271(c) of the '489, '031, and/or '792 Patents. Defendants have knowledge of the '489, '031, and '792 Patents and their acts giving rise to contributory infringement.

59.    On information and belief, Defendants' infringement has been, and continues to be, with full knowledge of the Patents-in-Suit and is deliberate and willful infringement thereof.

60.    By reason of Defendants' infringement of the Patents-in-Suit, Defendants have caused and continue to cause Lexmark to suffer damage and irreparable harm.

61.    Lexmark has no adequate remedy at law for Defendants' infringement of the Patents-in-Suit.

62.    On information and belief, Defendants' infringement of the Patents-in-Suit will continue unless enjoined by this Court.

## COUNT II – BREACH OF REPRESENTATION AND WARRANTY

63.    Lexmark incorporates herein the allegations of paragraphs 1 through 64 above specifically by reference.

64.    Lexmark entered into settlement agreements with Defendant Tech Optics relating to Tech Optics' remanufacturing, importing, offering to sell, and/or selling Accused Cartridges. The agreements required entry of Stipulated Permanent Injunction, Consent Judgment, and Dismissal With Prejudice, wherein Tech Optics expressly represented and warranted that Tech

Optics "disclosed to Lexmark the quantity and type of all Accused Cartridges that it made, used, sold, offered for sale, or imported into the United States." (D.E. 195, ¶ 10).

65.     Disclosure of all Accused Cartridges by Tech Optics was a condition precedent to Lexmark entering into the settlement agreement and the Stipulated Permanent Injunction, Consent Judgment, and Dismissal With Prejudice.

66.     Despite knowing that disclosure of all Accused Cartridges to Lexmark was a condition precedent to settlement, Tech Optics failed to disclose thousands of Accused Cartridges to Lexmark.

67.     Lexmark entered into the settlement agreement and Stipulated Permanent Injunction, Consent Judgment, and Dismissal With Prejudice based on Tech Optics' misrepresentations regarding the quantity and type of all Accused Cartridges that Tech Optics made, used, sold, offered for sale, or imported into the United States.

68.     Lexmark sustained damages because of Tech Optics' breach of representation and warranty and failure to disclose all Accused Cartridges to Lexmark.

## JURY DEMAND

In accordance with the Seventh Amendment of the United States Constitution, Lexmark demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Lexmark prays that:

a)      Pursuant to 35 U.S.C. § 271, this Court enter judgment that the Defendants have been and are currently infringing the Patents-in-Suit;

SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT                    Page 25 of 27

b) Defendants, their officers, agents, servants, employees, assigns, successors in interest, and attorneys, and all those in active concert or participation with them who received actual notice of the injunction, by personal service or otherwise, be permanently enjoined from infringing the Patents-in-Suit;

c) Defendants be directed to pay Lexmark the amount of damages that it has sustained as a result of Defendants' acts of patent infringement, and that such damages be trebled under 35 U.S.C. § 284;

d) This be declared an exceptional case under 35 U.S.C. § 285;

e) Lexmark be awarded its attorneys' fees;

f) Defendants be directed to pay an award of pre-judgment interest, post-judgment interest, and costs of the suit to Lexmark;

g) This Court enter judgment against Tech Optics for breach of representation and warranty;

h) Tech Optics be directed to pay Lexmark all of its damages associated with Tech Optics' breach of representation and warranty; and

i) Lexmark be granted such other further relief as the Court may deem proper and just.

Respectfully submitted,

Dated: November 1, 2013

s/ Jason S. Shull
P. Douglas Barr (Ohio Bar No. 20868)
Steven B. Loy
Anthony J. Phelps
STOLL KEENON OGDEN PLLC
300 West Vine Street, Suite 2100
Lexington, KY 40507
Telephone: (859) 231-3000

Facsimile: (859) 253-1093

William J. Hunter, Jr.
STOLL KEENON OGDEN PLLC
2000 PNC Plaza
500 West Jefferson Street
Louisville, KY 40202
Telephone: (502) 333-6000
Facsimile: (502) 333-6099


Timothy C. Meece
V. Bryan Medlock
Jason S. Shull
Audra C. Eidem Heinze
BANNER & WITCOFF LTD.
10 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

*Attorneys for Plaintiff, Lexmark International, Inc.*

## CERTIFICATE OF SERVICE

This is to confirm that a copy of the foregoing was electronically filed on November 1, 2013. A true and accurate copy of the foregoing will be served electronically to designated CM/ECF participant counsel through the Court's electronic filing system, or delivered via U.S. Mail, postage prepaid, as indicated below:

***Via ECF Notice:***
David G. Kern
Roetzel & Andress, LPA
310 Chiquita Center
250 East Fifth Street, Ste. 310
Cincinnati, OH 45202
*Attorney for Ninestar Image Co. Ltd., Ninestar Image International, Ltd., Seine Image International Co. Ltd., Ninestar Technology Company, Ltd., Ziprint Image Corporation, Nano Pacific Corporation, IJSS Inc., Direct Billing International, Inc., Quality Cartridges, Inc., ACM Technologies, Inc., Chung Pal Shin and Acecom Inc. — San Antonio*

Michael P. Foley
RENDIGS, FRY, KIELY & DENNIS, LLP
600 Vine Street, Suite 2650
Cincinnati, OH 45202
*Attorney for Copy Technologies, Inc., Jahwa Electronics Co., Ltd., Huizhou Jahwa Electronics Co., Ltd., Laser Toner Technology, Inc., C&R Services, Incorporated, Green Project, Inc., and Wal Group LLC*

David A. Shough
Law Office of David A. Shough
853 Dayton Oxford Rd.
Carlisle, OH 45005-3412
*Attorney for Ink Technologies Printer Supplies, LLC*

Glenn Dean Bellamy
Wood, Herron & Evans, LLP
2700 Carew Tower
441 Vine Street
Cincinnati, OH 45202-2917
*Attorney for Virtual Imaging Products, Inc. and Blue Trading, LLC*

George H Carr
Janik LLP
9200 South Hills Blvd.
Suite 300
Cleveland, OH 44147

440-838-7600
440-838-7601 (fax)
george.carr@janiklaw.com
*Attorney for Impression Products, Inc.*

Gary M. Hnath
Mayer Brown LLP
1999 K. Street, N.W.
Washington, DC 20006
202-263-3040
202-263-5340 (fax)
ghnath@mayerbrown.com
*Attorney for Quality Cartridges, Inc.*

Jeffrey C. Lowe
Mayer Brown LLP
1999 K Street, N.W.
Washington, D.C. 20006-1101
*Attorney for Ninestar Image Co. Ltd., Ninestar Image International, Ltd.,*
*Seine Image International Co. Ltd., Ninestar Technology Company, Ltd.,*
*Ziprint Image Corporation, Nano Pacific Corporation, IJSS Inc.,*
*Direct Billing International, Inc., Quality Cartridges, Inc.,*
*ACM Technologies Inc., Chung Pal Shin and Acecom Inc. — San Antonio*

Wm. T. Robinson III
Frost Brown Todd LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, OH 45202-4182
*Attorney for Defendants Print-Rite Holdings Ltd. and*
*Union Technology International (M.C.O.) Co. Ltd.*

Jon E. Hokanson
Lewis Brisbois Bisgaard & Smith, LLP
221 North Figueroa Street, Suite 1200
Los Angeles, CA 90012-2601
213-680-5050
213-250-7900 (fax)
hokanson@lbbslaw.com
*Attorney for Defendant IJSS Inc., d/b/a*
*Tonerzone.com and Inkjetsuperstore.com*

Thomas S. Kidde
Lewis Brisbois Bisgaard & Smith LLP
221 North Figueroa Street, Suite 1200
Los Angeles, CA 90012-2601

*Attorney for Defendant IJSS Inc., d/b/a Tonerzone.com and Inkjetsuperstore.com*

Stephen Spraul Schmidt
Roetzel & Andress, LPA
250 E. Fifth Street
Suite 310
Cincinnati, OH 45202
513-361-8298
513-361-0200 (fax)
sschmidt@ralaw.com
*Attorney for IJSS, Inc.*

James David Liles
Porter Wright Morris & Arthur LLP
250 East Fifth Street
Suite 2200
Cincinnati, OH 45202-5118
513-369-4209
513/421-0991 (fax)
jliles@porterwright.com
*Attorney for FBA Holding, Inc.*

Ian Walsworth
SHERIDAN ROSS PC
1560 Broadway, Suite 1200
Denver, CO 80202
*Attorney for Defendant OutOfTonercom*

William A. Nolan (0041891)
Barnes & Thornburg LLP
21 East State Street, Suite 1850
Columbus, Ohio 43215
(614) 628-0096
(614) 628-1433 (facsimile)
*Attorney for Defendant OutOfTonercom*

Andre Gibson, Chartered
115 NW 167th St, Suite 201
North Miami Beach, FL 33169
*Attorney for Blue Trading, LLC*

Richard L. Stroup
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW
Washington, DC 20001-4413
*Attorney for Copy Technologies, Inc., Jahwa Electronics Co., Ltd., Huizhou Jahwa Electronics Co Ltd., Laser Toner*

*Technology, Inc. and C&R Services, Incorporated*

Charles H. Suh
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
901 New York Avenue, NW
Washington, DC 20001-4413
*Attorney for Copy Technologies, Inc., Jahwa Electronics Co., Ltd., Huizhou Jahwa Electronics Co, Ltd., Laser Toner Technology, Inc. and C&R Services, Incorporated*

Crystal L Maluchnik
Janik L.L.P
9200 South Hills Blvd.
Suite 300
Cleveland, OH 44147
440 838 7600
440 838 7601 (fax)
crystal.maluchnik@janiklaw.com
*Attorney for Impression Products, Inc.*

s/ Jason S. Shull
Attorney for Lexmark International, Inc.