UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
CINCINNATI DIVISION

LEXMARK INTERNATIONAL, INC.

    Plaintiff,

    v.

INK TECHNOLOGIES PRINTER SUPPLIES, LLC, ET AL.

    Defendants.

Civil Action No.
1:10-CV-564-MRB

### ORDER ON JOINT MOTION FILED UNDER SEAL ON MAY 29, 2014

This matter is before the Court on the Joint Motion, filed under seal on May 29, 2014, by Plaintiff Lexmark International, Inc. ("Lexmark") and Defendant Impression Products, Inc. ("Impression Products"), for Entry of Stipulated Order Regarding Supplementation of Record, Limited Reconsideration to the Extent Necessary to Preserve Appellate Rights, for Non-Infringement with respect to Toner Cartridges First Sold Outside the United States, and for Entry of Final Judgment ("Joint Motion").  (Doc. 661).

**IT IS HEREBY FOUND, ORDERED, ADJUDGED** that:

    1.    The Joint Motion is granted.

    2.    In accordance with the Joint Motion, the district court record is hereby supplemented with the stipulations and agreements contained in the Joint Motion as well as the documents attached thereto (collectively, "the Supplemented Record").

    3.    Lexmark's and Impression Products' joint motion for reconsideration—of the Court's order (Doc. 615) regarding Impression Products' Second Motion to Dismiss regarding the invalidity of Lexmark's Return Program under patent law—is granted based on the Supplemented Record.

4.  As stated in the Court's order, the "issue presented" in Impression Products' Second Motion to Dismiss was "whether the Return Program is invalid as a matter of law. Having considered the relevant caselaw and briefings of the parties, the Court finds that Lexmark's patent infringement [based on the Return Program] are barred as a matter of law by the doctrine of patent exhaustion and must be dismissed."  (Doc. 615, p. 4).

5.  Based on the Supplemented Record, the following portion of the Court' order (Doc. 615, p. 11) is vacated.

> Lexmark does not allege that the authority of the sellers of the Return Program cartridges were restricted or conditioned in any way. In other words, the facts alleged by Lexmark do not suggest that the sellers had anything other than full authority to sell the Return Cartridges that practiced Lexmark's patents.

6.  After reconsidering Impression Products' Second Motion to Dismiss (Doc. 615) in view of the Supplemented Record, the Court again finds that Lexmark's patent infringement claims based on its Return Program are barred as a matter of law by the doctrine of patent exhaustion and must be dismissed based on the same analysis of patent law set forth in the Court's order of March 27, 2014.  (Doc. 615)

                                                        s/Michael R. Barrett  
Date: June 23, 2014                              MICHAEL R. BARRETT, Judge  
                                                        United States District Court